535 So.2d 1229 (1988)
STATE of Louisiana, Appellee,
v.
Larry TAYLOR, Appellant.
No. CR88-452.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1988.
Robert Patrick, Lake Charles, for defendant-appellant.
John Sinquefield, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before GUIDRY, FORET and KNOLL, JJ.
FORET, Judge.
Pursuant to a plea bargain, appellant, Larry Taylor, pleaded guilty to five counts of distributing cocaine, a violation of La.R. S. 40:967(A)(1). Taylor was sentenced to 5 years on each count. The sentences on counts 1, 2 and 3 are to run consecutively, and the sentences on counts 4 and 5 are to run concurrently. This sentence is contrary to the plea bargain agreement wherein both the State and defense counsel recommended that defendant be sentenced to five 5-year sentences, to run concurrently. Taylor now appeals, contending that the trial court erred in refusing to allow him to withdraw his guilty plea based upon a breach of the plea bargain.[1] We agree with Taylor's contention, reverse the conviction, vacate the sentence, and remand to the trial court for further proceedings consistent with this opinion.

FACTS
Taylor was originally charged with eleven counts of distributing cocaine. He then entered into an agreement with the district attorney and the sheriff's office, wherein he agreed to cooperate fully with the police, identify other narcotics violators, divulge details of all of his crimes, and testify in pertinent state and federal prosecutions. In exchange, Taylor was to be allowed to plead guilty to one count of distributing *1230 cocaine and serve a year in the parish jail. This original agreement is surrounded with confusion insofar as there existed both a written plea bargain and an oral plea bargain. Taylor partially complied with this agreement, while portions of the original plea bargain were left unfulfilled. Pursuant to Taylor's motion to compel enforcement of the original plea bargain, the trial court, after hearing, determined that this agreement was unenforceable.[2]
Thereafter, a second plea agreement was made wherein Taylor agreed to plead guilty to five counts of distributing cocaine in exchange for the dismissal of six additional charges. Additionally, as part of this second plea bargain, the State and defense counsel agreed to make a joint recommendation that Taylor receive five 5-year sentences, to run concurrently. Taylor was assured that the trial court would accept this recommendation if Taylor's guilty plea was accepted. Taylor was also assured by the State and defense counsel that this joint recommendation would be the only recommendation made to the trial court.
Taylor then pleaded guilty pursuant to the plea bargain to five counts of distributing cocaine. In the pre-sentence report requested by the trial court, John Fryar of the Calcasieu Parish Sheriff's office recommended that Taylor receive consecutive sentences rather than the concurrent sentences negotiated for and made a part of the plea bargain agreement. The trial court then sentenced Taylor to five years for each of his convictions, three of which were to run consecutively. Immediately after sentencing, defense counsel and the State jointly moved to withdraw Taylor's guilty plea. The trial court denied their motion. Taylor now contends that the trial court erred in refusing to allow him to withdraw his guilty plea. The State joins in Taylor's contention. We agree.

WITHDRAWAL OF GUILTY PLEA
A plea of guilty cannot be withdrawn after sentencing, unless it is shown that the facts surrounding the guilty plea render it constitutionally deficient. As stated by the Louisiana Supreme Court in State v. Dixon, 449 So.2d 463, 464 (La. 1984):
"It is by now settled law that a guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a plea bargain or by what he justifiably believes was a plea bargain, and that bargain is not kept. In such a case a defendant has been denied due process of law because the plea was not given freely and knowingly."
In the instant case, the conduct of the trial court, in rejecting the joint recommendation of the State and defense counsel and, in the same breath, denying a joint motion to withdraw Taylor's guilty plea, was clear error. The trial court, by accepting a guilty plea entered into pursuant to a plea bargaining agreement, impliedly accepted the terms of the plea bargain agreement and is bound by these terms. Although the trial court is free to reject the terms of a plea bargain agreement, this rejection is customarily demonstrated by a rejection of the defendant's guilty plea. When a trial court rejects the joint recommendation of the State and defense counsel, a recommendation which is clearly the inducement for a defendant's guilty plea, the trial court should allow the defendant to withdraw the guilty plea. See, Hughes v. Court of Appeal, First Circuit, 526 So.2d 223 (La.1988).
The United States Supreme Court, in Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), spoke of the requirement that a guilty plea be voluntarily made. If induced by promises, the essence of those promises must be made known in determining whether the plea was made voluntarily. The Santobello Court continued as follows:
"This phase of the process of criminal justice, and the adjudicative element inherent *1231 in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."
Id., 404 U.S. at page 264, 92 S.Ct. at page 499.
In the case at hand, it is clear that both the State and defense counsel agreed to the recommendation of five 5-year sentences to run concurrently. Taylor was assured that the judge would accept this recommendation if defendant's guilty plea was accepted. Taylor was clearly induced to enter his plea of guilty by the representation of both the State and defense counsel that their joint recommendation would be the only recommendation and that the trial court would follow this recommendation if the plea was accepted. This agreement was breached, apparently upon the recommendation of consecutive sentences made by the sheriff's office, an entity which is not directly involved in the plea bargaining and sentencing process.
The fact that Taylor's sentence was imposed contrary to the plea bargain agreement, and the sentence contemplated therein, vitiates the voluntariness of his plea. Under these circumstances, we find that the trial court erred in denying Taylor's motion to withdraw his pleas of guilty.

DECREE
Accordingly, we reverse Taylor's convictions and vacate the sentences. We remand the case to the district court for further proceedings consistent with the above.
REVERSED, VACATED AND REMANDED.
NOTES
[1] Insofar as we agree with Taylor's first assignment of error, a discussion of Taylor's second assignment of error, that the trial court erred in not allowing him to refute errors contained in the pre-sentence report, is unnecessary.
[2] Taylor argued in his brief that the State should be forced to comply with the original plea bargain agreement, but this issue was neither raised as an assignment of error nor do we have before us the transcript of the proceedings on Taylor's motion to compel enforcement of that agreement. Therefore, this issue will not be considered. See, C.Cr.P. art. 920(1).