ARMSTRONG, Judge.
Relator is before this court on a writ application transferred from the Louisiana Supreme Court. The application is styled as .a motion to quash the multiple bill. Relator does not indicate if he has first filed the motion in the trial court; no copy was found when the record was reviewed.
Relator contends in the motion that he should not have been multiple billed because the plea bargain did not include a reference to a multiple bill. Relator does not contend that the plea bargain included a provision that he would not be subject to a multiple offender proceeding.
Relator also argues that since the State and trial court knew he had a prior felony conviction at the time of the original sentencing, the multiple bill should be quashed. Relator further contends that the multiple offender statute is unconstitutional because the original sentence had already been executed and C.Cr.P. art. 881 prohibits the amendment of a legal sentence.
Relator’s contentions are without merit. Absent an agreement not to institute proceedings under the habitual offender statute, the State did not violate the plea bargain by doing so. Furthermore, the minute entry of the guilty plea indicates that the matter was originally set for a “status” on November 16, 1989. It was on that date that the State filed the multiple bill of information, to which the relator subsequently entered a plea of guilty. It would appear therefore that the relator knew that the State might file a multiple bill.
Relator’s second argument is equally without merit. The mere fact that the trial court took into account the relator’s felony conviction record at the original sentencing does not preclude proceedings under R.S. 15:529.1. In any event, the trial court resentenced the relator to the same term of years.
Relator’s last contention is that Article 881 prohibits a multiple offender proceeding once a sentence has been imposed. This argument was made and rejected by the Louisiana Supreme Court in State v. Williams, 326 So.2d 815 (La.1976).
Accordingly, this writ application is denied.
WRIT DENIED.