596 So.2d 302 (1992)
STATE of Louisiana, Plaintiff-Appellee,
v.
Charles BARNES, Defendant-Appellant.
No. Cr91-488.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1992.
*303 John F. Lavern, Public Defender Office, Lake Charles, for defendant-appellant.
Robert Wyatt, Paul Reggie, Asst. Dist. Attys., Lake Charles, for plaintiff-appellee.
Before DOUCET and KNOLL, JJ. and HOOD[*], J. Pro Tem.
DOUCET, Judge.
The defendant, Charles Barnes, was indicted on December 12, 1990, on two counts of distribution of cocaine, violations of La. R.S. 40:967 A. The defendant changed his original pleas of not guilty to guilty on April 1, 1991. After the trial judge Boykinized the defendant and accepted his pleas of guilty, he sentenced defendant to five years at hard labor, suspended, and defendant was placed on three years supervised probation with the following special conditions: pay a $20 per month supervision fee; make restitution for the buy money; substance abuse and drug screening as mandated by the probation officer; and sixty days in the parish jail with credit for time served.
When the defendant entered his guilty pleas on April 1, 1991, the trial judge was informed, at the outset, that the defendant had a limited ability to read and write. The trial judge informed the defendant he was going to be very thorough while reviewing defendant's waiver of rights form. The defendant told the trial judge he understood that distribution of cocaine meant he sold it to somebody. Defendant also acknowledged that he understood the rights he was waiving by pleading guilty. Defendant was able to sign his name on the waiver form.
The trial judge then asked defendant to tell him what defendant did to make him guilty of distribution of cocaine. Defendant then described how he accepted an offer of a ride and a free beer from a man who was an undercover agent and who later asked defendant to get him some cocaine. Defendant took $20 from the man, bought the cocaine, and then gave it to the agent. Defendant obtained the cocaine for the agent on two occasions, on May 15 and May 16, 1990.
After hearing the facts, the following exchange occurred:
THE COURT: All right. On those facts, I'll accept the plea. I'm satisfied that the man, even with his acknowledged limited ability to read and write, he understandsAnd I failed to do one thing, Mr. Barnes, before actually, on the record, accepting your plea. On these chargesI assume there's a recommendation on this?
MR. WYATT: Yes, sir.
THE COURT: I'm told there's a recommendation. I haven't taken the plea yet, for the record, because I have to tell him the minimum and maximum fines and sentences, which I haven't done. You could be sentenced for not less than five years, nor more than 30 years on each count. You could be. I'm not saying that's what I'm going to do.
MR. BARNES: Yes, sir.
THE COURT: I'm tell you that you could get not less than five years nor more than 30.
MR. BARNES: Yes, sir.
THE COURT: And you could be sentenced to pay a fine of not more than $15,000. Now, you could be. Again, I'm not saying I'm going to do that.
MR. BARNES: Yes, sir.

*304 THE COURT: Before I take your plea finally, I want you to be aware and you understand what the least you could get and the most you could get. You understand that?
MR. BARNES: Yes, sir.
THE COURT: And you're willing to enter your plea of guilty to those counts?
MR. BARNES: Yes, sir.
THE COURT: I'll accept the plea. What's the recommendation?
The state and defendant made a joint sentence recommendation which the trial judge accepted except for one condition of probation. The joint recommendation was for defendant to serve sixty days of community service. However, the trial judge stated that for distribution he could not accept the sentence recommendation "without any jail time at all." Therefore, defendant was sentenced as a condition of probation to serve sixty days in the parish jail with credit for the twelve days defendant had already served.
Counsel for defendant orally moved to withdraw the guilty pleas, which the trial judge denied. Counsel for defendant argued he could not advise defendant and help him make an informed decision whether to plead guilty since he did not know the trial court would have imposed jail time. The trial judge denied defendant's motion to withdraw his guilty pleas.
On appeal, defendant raises three assignments of error. In addition to challenging the excessiveness of the sixty day jail term and the failure of the trial judge to adequately articulate the reasons for the sentences, the defendant assigns as error the denial of his oral motion to withdraw his guilty pleas.

WITHDRAWAL OF GUILTY PLEAS
Defendant's first assignment of error concerns the denial of his motion to withdraw his guilty pleas. The basis of defendant's motion was the failure of the trial court to accept all of the provisions of the joint sentence recommendation. The trial judge is granted broad discretion by article 559 of the Code of Criminal Procedure in determining whether to allow a defendant to withdraw a prior guilty plea. State v. Deakle, 372 So.2d 1221 (La. 1979).
As this court noted in State v. Jones, 546 So.2d 1343, 1346 (La.App. 3rd Cir.1989):
"After sentence has been imposed, a guilty plea may be withdrawn only if it is shown that the plea is constitutionally infirm.... A plea of guilty is invalid when the defendant is induced to enter a plea by a plea agreement or by what the defendant reasonably believes is a plea agreement, and the terms of the bargain are not satisfied.... Where a defendant's misunderstanding is not induced by or attributed to representations made by the district attorney or the trial court, there are not grounds for withdrawal of the plea." (citations omitted)
But the court in State v. Fontenot, 535 So.2d 433, 435 (La.App. 3rd Cir.1988), stated that "the testing of a sentence followed by an attempt to withdraw the guilty plea upon dissatisfaction with the sentence received has been long regarded as an impermissible ground to withdraw the plea."
Concerning joint sentence recommendations, it is well settled that the sentencing discretion of the trial judge cannot be limited by a sentence recommended by both the state and defendant. The trial judge may accept or reject a joint sentence recommendation. State v. Malbroux, 485 So.2d 257 (La.App. 3rd Cir.1986), writ denied, 489 So.2d 1273 (La.1986), case remanded, 507 So.2d 319 (La.App. 3rd Cir. 1987); and State v. Kimmel, 493 So.2d 288 (La.App. 3rd Cir.1986), writ denied, 497 So.2d 310 (La.1986), citing State v. Collins, 359 So.2d 174 (La.1978). The terms "joint sentence recommendation," "plea bargain," and "plea agreement" have been used interchangeably in jurisprudence to mean an agreed upon recommended sentence or range of sentence.
In the present case, after the trial judge was given the facts of defendant's crimes, the trial judge asked if there was a joint sentence recommendation, and he then told defendant of the statutory minimum and maximum fines and jail terms which defendant could receive for distribution *305 of cocaine. It is important to note that although the trial judge did not specifically tell defendant that he was not bound by the joint sentence recommendation and that he could reject it, the trial judge did tell defendant he could be sentenced "for not less than five years, nor more than 30 years on each count. You could be. I'm not saying that's what I'm going to do." The trial judge told defendant the possible fine that could be imposed and said, "Now, you could be. Again, I'm not saying I'm going to do that." Defendant then acknowledged that he understood the minimum and maximum penalties and he was willing to enter a plea of guilty to the two counts.
Counsel for defendant argues that because he was unaware that the trial judge felt compelled to impose jail time on all defendants who plea guilty to distribution of cocaine, no matter the circumstances, he was unable to properly advise his client and help defendant make an informed decision whether or not to plea guilty. The trial judge in this case was not informed that defendant's guilty pleas were conditioned upon acceptance of all provisions of the joint sentence recommendation. All provisions of the joint sentence recommendation were applied to the defendant's sentence, except that defendant was sentenced to 60 days in the parish jail rather than 60 days of community service.
Although the defendant did not receive any other benefits from pleading guilty, such as dismissal of other charges or reduction in the severity of the crime charged, the record does not reflect that the defendant's guilty pleas were clearly induced by all of the provisions of the joint sentence recommendation. After being informed that there was a joint sentence recommendation, but before accepting the defendant's guilty pleas and before hearing the terms of the joint sentence recommendation, the trial judge informed defendant of the statutory minimum and maximum punishments he could receive. He was told by defendant that this was understood. The trial judge repeatedly emphasized that he could sentence defendant within the statutory range, but he also told defendant he was not saying what he was going to do.
The record in the instant case does not clearly establish that the voluntariness of defendant's guilty pleas was vitiated by any representation by the trial judge. The judge never stated or implied that he would sentence defendant as recommended. The colloquy between the defendant and the trial judge does not clearly establish that the defendant had a reasonable and justifiable basis for the belief that he would be sentenced to no jail time whatsoever. State v. Fairley, 525 So.2d 588 (La.App. 3rd Cir.1988); State v. Jones, supra; See also, State v. Fontenot, supra. Accordingly, the trial judge correctly denied the motion to withdraw the guilty plea.

SENTENCING ERROR
The defendant has articulated two further assignments of error with regard to the appropriateness of his sentence under the sentencing guidelines of La.C.Cr.P. art. 894.1. However, we need not consider these assignments because an error patent exists which mandates vacation of the sentence and a remand for resentencing.
The defendant pled guilty to two counts of distribution of cocaine, yet the trial judge pronounced sentence for only one count. A determinate sentence should be pronounced on each count of which a defendant is convicted, and the court should then express its intent concerning concurrent service of the sentences. La. C.Cr.P. arts. 879 and 883; State v. Davis, 581 So.2d 1013 (La.App. 3rd Cir.1991); State v. Volentine, 565 So.2d 511, 516 (La. App. 2nd Cir.1990); and State v. Bessonette, 574 So.2d 1305 (La.App. 3rd Cir.1991).
Accordingly, the defendant's sentence is vacated and this matter is remanded for resentencing in accordance with the law.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[*] Honorable Warren E. Hood, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.