SCHOTT, Chief Judge.
On the application of the State of Louisiana, we grant certiorari in order to consider the validity of the sentence imposed by the trial court. Defendant was provided with an opportunity to respond to the state’s application, but failed to do so.
On March 80, 1995, defendant pled guilty to possession of cocaine under La.R.S. 40:983 and received a suspended sentence to which the State objected. The State filed a multiple bill against defendant which the trial court quashed. The State filed a motion to correct an illegal sentence because defendant had two prior drug convictions rendering him ineligible under R.S. 40:983. This motion was denied.
While the State has failed to attach to its application any documentation regarding these prior convictions, the transcript of the March 30th hearing indicates that the trial court was aware of defendant’s prior felony convictions. The trial court made reference to a seven-year prior between the time of the current offense and the prior offenses. Thus, on the face of the record, defendant is ineligible for plea and sentencing under R.S. 40:983 which is never applicable if defendant has any prior felony conviction regardless of cleansing periods.
Because defendant pled guilty on the promise that he would receive a suspended sentence under R.S. 40:983, he must be given the opportunity to withdraw his plea prior to the imposition of a new sentence.
Accordingly, the judgment of the trial court is reversed. Defendant’s sentence is vacated and the case is remanded for further proceedings.

REVERSED AND REMANDED.