670 So.2d 708 (1996)
STATE of Louisiana, Plaintiff-Appellee,
v.
Kenneth A. RIOS, a k a Juan Romero, Defendant-Appellant.
No. 95-00961.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1996.
*709 Robert Richard Bryant Jr., Paul Peter Reggie, Lake Charles, for State.
Adam L. Ortego Jr., Lake Charles, for Kenneth A. Rios.
Before COOKS, DECUIR, and GREMILLION, JJ.
GREMILLION, Judge.
Defendant, Kenneth Rios, a/k/a Juan Romero, was charged by bill of indictment with possession of over four hundred grams of cocaine, a violation of La.R.S. 40:967(C) and (F). On May 24, 1993, defendant appeared in court with counsel, he waived the reading of the bill of indictment, and entered a plea of not guilty. On September 12, 1994, the state amended the bill of indictment to possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A)(1). The defendant, through counsel, tendered a plea of guilty to the amended charge. After informing the defendant of his constitutional rights, the trial court accepted defendant's plea. The state presented a joint recommendation asking the trial court to order the defendant to serve eight years in the Louisiana Department of Corrections, which sentence was suspended and the defendant was placed on supervised probation for a period of four years with special conditions that included the service of two years in the parish jail. The trial judge accepted the joint recommendation, stating the agreement was reasonable, and made it the judgment of the court.
Although it appears the recommended sentence was imposed, the minutes reflect that on January 17, 1995, the defendant appeared in court with counsel for "sentencing." Defense counsel withdrew a Motion to Withdraw Guilty Plea that was previously filed. The state advised the trial court that it intended to file a habitual offender bill and requested that the sentencing be deferred. The trial court granted the state's request. On May 10, 1995, a habitual offender bill was filed in accordance with La.R.S. 15:529.1. The defendant, through counsel, tendered a denial to the habitual offender charge. On May 19, 1995, a hearing was held. The defendant himself urged a Motion to Withdraw Guilty Plea, that was denied by the trial court. The state put on evidence and it was determined that the defendant was a habitual offender. The defendant also admitted that he was a habitual offender. The defendant waived any delays and was sentenced to fifteen years at hard labor without benefit of probation or suspension of sentence. Defendant now seeks review with this court, alleging three assignments of error.

*710 FACTS
On February 15, 1993, a vehicle driven by Benito Tabera was stopped by Louisiana State Troopers for speeding. The passengers were identified as James Aguilar and the defendant, Juan Romero. Because of the driver's nervousness, a request was made to search the vehicle. The driver refused to give permission and a narcotic's dog was brought to the scene. A positive alert for narcotics was made by the dog. A subsequent search revealed over six hundred grams of cocaine hidden under the hood of the vehicle. All three individuals were then placed under arrest.

ASSIGNMENT OF ERROR NUMBER 1
By this assignment of error, defendant contends the trial court erred in denying his Motion to Withdraw Guilty Plea. We agree and reverse the ruling of the trial court and remand the case for further proceedings.
Defendant argues that he entered a plea of guilty to the charge of possession of cocaine with intent to distribute because he was told by the state and defense counsel that he would receive a suspended sentence in return for his guilty plea. Defendant admits that he committed a fraud upon the trial court by lying about his name and prior convictions. However, he argues he cannot be compelled to plead guilty unless the court fulfills the agreement and gives him a suspended sentence. Defendant maintains his innocence, arguing that he entered a plea of guilty in order to receive a suspended sentence and go home to his children.
The state argues that it never agreed not to file a habitual offender bill and that the plea agreement was not breached by the filing of the habitual offender bill. The state directs this court's attention to State v. Veal, 565 So.2d 1096 (La.App. 4 Cir.1990), wherein the trial court held that the state did not violate the plea agreement entered into with defendant by instituting proceedings under the habitual offender statute, since the agreement did not prohibit sentencing under the statute and the defendant was aware that the state might file a habitual offender bill. The state in the instant case argues that the defendant should not be rewarded for his wilful and purposeful deception to the trial court by allowing him to withdraw his guilty plea.
La.Code Crim.P. art. 559 provides that "[t]he court may permit a plea of guilty to be withdrawn at any time before sentence." The Louisiana Supreme Court has consistently held that the discretion to permit a guilty plea to be withdrawn is vested in the trial judge. That discretion, however, cannot be exercised arbitrarily. State v. Johnson, 406 So.2d 569 (La.1981). In State v. Barnes, 596 So.2d 302, 304 (La.App. 3 Cir.1992), citing State v. Jones, 546 So.2d 1343, 1346 (La.App. 3 Cir.1989), this court held that, "[a]fter sentence has been imposed, a guilty plea may be withdrawn only if it is shown that the plea is constitutionally infirm ..." A guilty plea will not be considered constitutionally valid unless it is made voluntarily by the defendant and with an understanding of the nature of the consequences of his plea. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). It is well settled that a guilty plea is constitutionally infirm when a defendant is induced to enter a plea by a plea bargain, or by what the defendant justifiably believes was a plea bargain, and that plea bargain is not kept. In these cases, since the plea is not considered to have been freely and knowingly given, defendant is deemed to have been denied due process of law. State v. Dixon, 449 So.2d 463 (La.1984).
In Barnes, 596 So.2d 302 (La.App. 3 Cir. 1992), the trial judge inquired as to any joint sentence recommendations, then informed the defendant of the statutory maximum and minimum jail terms and fines for the crime he was pleading guilty to. The trial judge, at several points during the discussion with the defendant, warned him that everything he was telling the defendant was a possibility and that he was not necessarily going to follow the recommended sentence. This court found that "[a]lthough the defendant did not receive any other benefits from pleading guilty, such as dismissal of other charges or reduction in the severity of the crime charged, the record does not reflect that the defendant's guilty pleas were clearly induced by all of the provisions of the joint *711 sentence recommendation." Id. at 305. This court based that finding on the fact that the trial judge repeatedly emphasized that he could sentence the defendant within the statutory range and that he was not indicating what he was going to do. This court further held that the record did not clearly establish that the voluntariness of the defendant's guilty pleas was vitiated by any representation by the judge. Id.
It is well settled that the sentencing discretion of the trial judge cannot be limited by a sentence recommended by both state and defendant. The trial judge may accept or reject a joint sentence recommendation. State v. Collins, 359 So.2d 174 (La.1978). "The terms joint sentence recommendation, plea bargain, and plea agreement have been used interchangeably in jurisprudence to mean an agreed upon recommended sentence or range of sentence." Barnes, 596 So.2d at 304.
In the present case, a plea bargain was reached wherein the defendant agreed to plead guilty to possession of cocaine with intent to distribute in exchange for a suspended sentence. The state offered the following "recommendation" after the trial court accepted the defendant's plea:
MR. KIMBALL: This is a first offense, Your Honor. We'd jointly recommend he be sentenced to serve eight (8) years with the Department of Corrections, that that be suspended, and he be placed on four (4) years supervised probation, under the general terms and conditions of Article 895 and under the following special conditions: One, that he be ordered to pay a fine of $1,000 plus costs; Two, he be ordered to go through drug screening and rehab, if that's deemed necessary at any time during the screening process; Three, he be ordered to pay a $25 per month supervision fee; Four, he be ordered to serve two (2) years in the parish jail and be given credit for the time that he served.
Prior to the state's recitation of the recommended sentence, the trial court had stated the following:
THE COURT: The penalty which the law prescribes for this violation, if you're guilty of it, is hard labor for not less than 5 years nor more than 30 years. Are you aware of that?
* * * * * *
THE COURT: I need to advise you, Mr. Romero, that the Court is not bound by any recommendation that it may receive, it can give you any penalty or sentence that is within the terms that I quoted to you earlier. Do you understand that?
However, following the recitation of the joint recommendation by the state, this colloquy occurred:
THE COURT: Is that the recommendation you worked out with the state, Mr. Austin?
MR. AUSTIN: Yes, sir, it is.
THE COURT: Mr. Romero, when you pleaded guilty to this charge, was that the recommendation that you expected to be forthcoming? Is that what you thought would be recommended when you pleaded guilty?
MR. ROMERO: Yes, sir.
THE COURT: Okay. The court thinks that is reasonable and so that will be made the judgment of the Court.
In State v. Hackett, 506 So.2d 598 (La.App. 4 Cir.1987), the trial court conditioned a defendant's plea bargain on the defendant's truthfulness concerning the co-defendant's lack of participation in a robbery. When the court became aware defendant had lied, the plea agreement was terminated. However, the trial court continued to treat defendant as if his guilty plea, entered into as part of the plea agreement, was still valid. The Fourth Circuit, Court of Appeal held the trial court erred in not giving the defendant the opportunity to withdraw his guilty plea as the plea agreement was conditioned on his truthfulness and would be void if he lied to the court. Accordingly, "the trial court nullified the required showing that the plea was intelligent and voluntary." Id. at 600.
In State v. Mangano, 464 So.2d 1032 (La. App. 1 Cir.1985), a defendant entered a plea of guilty to possession of cocaine as part of a plea bargain agreement. As in Hackett, the agreement was conditional; the agreement *712 was contingent on the defendant's pre-sentence investigation report disclosing no prior felonies. When the defendant was found to have prior felonies, the plea agreement calling for a suspended sentence was rescinded. The trial court refused to allow defendant to withdraw his guilty plea. The First Circuit, Court of Appeal affirmed the defendant's conviction and sentence, holding that there was no abuse of discretion on the part of the trial court in refusing to allow the defendant to withdraw his guilty plea as the defendant was fully advised of the rights he was waiving when he pled guilty.
Those cases can be distinguished from the present case since the defendant's plea here was not contingent on any other factors. While the trial judge initially informed defendant that he was not bound by the recommendation, once he decided to accept the recommendation and make it "the judgment of the court," the plea bargain was struck, to which all parties and the court were bound.
This court in State v. Taylor, 535 So.2d 1229 (La.App. 3 Cir.1988), held that when a sentence is imposed contrary to a plea bargain agreement recommended by both the state and defense counsel, the voluntariness of the plea is vitiated, therefore a defendant should be allowed to withdraw his plea of guilty.
The court in Taylor further stated:
The trial court, by accepting a guilty plea entered into pursuant to a plea bargaining agreement, impliedly accepted the terms of the plea bargain agreement and is bound by these terms. Although the trial court is free to reject the terms of a plea bargain agreement, this rejection is customarily demonstrated by a rejection of the defendant's guilty plea. When a trial court rejects the joint recommendation of the State and defense counsel, a recommendation which is clearly the inducement for a defendant's guilty plea, the trial court should allow the defendant to withdraw the guilty plea. See, Hughes v. Court of Appeal, First Circuit, 526 So.2d 223 (La. 1988).
Id. at 1230.
The court in State v. Armstead, 599 So.2d 425, 426 (La.App. 4 Cir.1992) stated that "[i]f the State wished to file a bill of information charging defendant as a habitual offender... it should have clearly and expressly reserved its right to do so. The trial court correctly quashed the habitual offender bill of information and enforced the plea agreement." However, in Veal, 565 So.2d 1096, the same court held that absent an agreement not to institute proceedings under the habitual offender statute, the state did not violate a plea bargain agreement by doing so.
The Defendant correctly points out that a plea, which rests on an agreement with the prosecutor which induces the plea, is subject to withdrawal by the defendant if the agreement is materially breached. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Lockwood, 399 So.2d 190 (La.1981), appeal after remand, 439 So.2d 394 (La.1983); State v. Celestine, 493 So.2d 169 (La.App. 3 Cir.1986).
In a more recent case from the fourth circuit, State v. Newman, 95-1041 (La.App. 4 Cir. 9/15/95), 661 So.2d 1051, the court held that a defendant who pled guilty on the promise that he would receive a suspended sentence, and who was later determined to be ineligible to receive a suspended sentence, must be given the opportunity to withdraw his plea.
The Defendant's plea agreement was violated by the state's filing of the habitual offender bill. The Defendant has not asked for this court to enforce the plea agreement nor would this be appropriate as a suspended sentence would be illegal because defendant is a second felony offender. La.Code Crim.P. art. 893. Furthermore, defendant should not be rewarded for the wilful deceit he perpetrated on the trial court. Although defendant has made efforts to circumvent the orderly administration of justice, his motion to withdraw his plea of guilty should have been granted as the plea agreement was not fulfilled. By not allowing defendant a chance to withdraw his guilty plea, which was at least partially induced by the promise of a suspended sentence (although the defendant lied about his name and prior convictions), the trial court nullified the required showing *713 that the plea was intelligent and voluntary. State v. Delgado, 388 So.2d 384 (La.1980).
The state is justly concerned that allowing defendant to withdraw his guilty plea rewards him for his deceit and allows him to manipulate the judicial system. We share that concern. However, defendant's withdrawal of his guilty plea may carry severe consequences. He may be subjected to a trial for the original offense of possession of over four hundred grams of cocaine, which carries punishment of not less than thirty years nor more than sixty years at hard labor along with a large mandatory fine. He may also be subjected to other sanctions such as a prosecution for contempt of court as well as for other crimes such as the failure to give his real name to the proper authorities. Finally, the trial court may choose to believe defendant is untrustworthy and increase his bond to insure his appearance at the trial of this matter.
For the foregoing reasons, the ruling of the trial court denying defendant's Motion to Withdraw Guilty Plea is reversed. Defendant's plea of guilty to possession of cocaine with intent to distribute is vacated and set aside and this case is remanded to the trial court for further proceedings. Because defendant was granted relief under his first assignment of error, defendant's other assignments of error are rendered moot.
REVERSED AND REMANDED.