hPEATROSS, J.
Defendant, Christopher P. Robinson, was charged with two counts of simple burglary of an inhabited dwelling in violation of La. R.S. 14:62.2, punishable by imprisonment at hard labor for not less than 1 year, without benefit of parole, probation or suspension of sentence, nor more than 12 years. Pursuant to a plea agreement with the State, Defendant pled guilty to two counts of simple burglary in violation of La. R.S. 14:62, each punishable by a fine of not more than $2,000 and imprisonment, with or without hard labor, for not more than 12 years. Defendant was sentenced to serve two consecutive 2-year hard labor sentences. Defendant appeals his sentences as excessive and in violation of his plea agreement with the State. For the reasons stated herein, Defendant’s convictions and sentences are affirmed.

FACTS AND PROCEDURAL HISTORY

Defendant’s arrest arose from two separate burglaries committed on July 2, 1999, when Defendant entered the homes of two elderly victims and took several items of jewelry. On August 20, 1999, Defendant was charged by bill of information with two counts of simple burglary of an inhabited dwelling, to which Defendant pled not guilty. Before trial, Defendant and the State entered into “an agreed upon plea” whereby the State agreed to amend the bill of information to charge two counts of simple burglary, to which Defendant pled guilty, and the State recommended that the sentences be served concurrently. Defendant’s pleas of guilty were accepted and a pre-sentence investigation was ordered. On February 3, 2000, Defendant was sentenced to serve two years at hard labor on each of the two counts, to run consecutively. Defendant’s timely motion to reconsider sentence was denied by the trial court.

\ .DISCUSSION

We will first address Defendant’s argument that the sentences imposed violated the plea agreement and, therefore, must be vacated. Defendant argues that any sentences imposed should have been ordered to run concurrently in accordance with the State’s recommendation and the expectation of all parties, rather than consecutively as ordered by the trial court. According to Defendant, this breach of the plea agreement requires that his sentence be set aside. We disagree.
It is well settled that the sentencing discretion of the trial judge cannot be limited by a sentence recommended by both the State and the defendant. The trial judge may accept or reject a joint sentence recommendation. State v. Collins, 359 So.2d 174 (La.1978); State v. Rios, 95-00961 (La.App. 3d Cir.3/6/96), 670 So.2d 708; State v. Barnes, 596 So.2d 302 (La.App. 3d Cir.1992). We acknowledge, however, that a guilty plea is constitution *871 ally infirm when a defendant is induced to enter that plea by a plea agreement which is then not fulfilled. State v. Dixon, 449 So.2d 463 (La.1984); State v. Gasca, 575 So.2d 913 (La.App.2d Cir.1991), writ denied, 580 So.2d 674 (La.1991); State v. Taylor, 535 So.2d 1229 (La.App. 3d Cir.1988). Moreover, even in the absence of a plea bargain, if a defendant justifiably believes there was one and pled guilty in part because of that justifiable belief, the guilty plea was not knowingly made, and in such a case, the plea must be set aside and the defendant allowed to plead anew. State v. Berry, 31,861 (La.App.2d Cir.3/31/99), 732 So.2d 638; State v. Bates, 29,252 (La.App.2d Cir.1/22/97), 711 So.2d 281.
Considering the record in this case, it appears that the plea bargain terms were that Defendant would be allowed to plead to two counts of the lesser crime of simple burglary, thereby avoiding the mandatory minimum sentence of one year at hard labor on each count of simple burglary of an inhabited dwelling, in exchange j3for the State’s recommendation that any sentences imposed would run concurrently. It is clear from the record that the plea bargain agreement.did not include that the trial court would impose concurrent sentences. In other words, the “agreed .upon plea” was not an “agreed upon sentence,” but, rather, an agreement that the State would make a particular recommendation on behalf of Defendant. In reviewing the plea agreement at the guilty plea proceeding, the district attorney stated, “[tjhere’s no recommendation for sentencing from the state, however, except that the sentences would run concurrent.” Significantly, the trial court informed Defendant during the plea bargain colloquy that concurrent sentences were only a recommendation from the State and that the trial court would impose sentences after considering the pre-sentence investigation and other factors. The following exchange took place during sentencing:
COURT: Do you understand the process of what’s going to happen after the plea? The Department of Corrections personnel are going to gather information, give that to your lawyer, give that to me and then I’ll decide the sentence within the law and the factors that go into sentencing which includes case law, includes a number of factors that the law provides but that’s left up to me. Do you understand that?
DEFENDANT: Yes sir.
* * %
COURT: Is your decision voluntary?
DEFENDANT: Yes sir.
The trial court then accepted Defendant’s guilty plea, stating, “[particularly, let the minutes reflect and the presentence investigation reflect that the only sentencing recommendation is that the two sentences run concurrently, sentencing to be determined by a presentence investigation which I order at this time.”
RDefendant argues that under the terms of his plea bargain agreement and the discussions during his guilty plea colloquy, he believed that any sentences would be concurrent. He acknowledges, however, that there was no agreement as to the length of the sentence, but asserts that all parties acknowledged that concurrent sentences were recommended. Therein lies the key to resolution of this issue: the State agreed only to make a recommendation of concurrent sentences. The trial court was not bound by the State’s sentencing recommendation, and did not err in imposing the sentences to run consecutively. State v. Collins, supra; State v. Rios, supra; State v. Barnes, supra. Additionally, we find that the trial court’s questioning of Defendant prior to sentencing reveals Defendant’s understanding that he was not guaranteed concurrent sentences.
*872 Next we turn to the question of whether or not the sentences imposed are excessive. Generally, Defendant challenges the two-year hard labor sentences and, in particular, argues that the record fails to support the trial court’s order that the sentences be served consecutively. He contends that the trial court did not place sufficient emphasis on his youthful age and minimal criminal history. Defendant further asserts that the potential of harm should not have been considered as an aggravating factor. Finally, according to Defendant, there is no evidence in the record which indicates that he is the most blameworthy or egregious of offenders to justify consecutive sentences.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. In this case, Defendant does not challenge the sufficiency of the trial court’s articulation of sentencing considerations under article 894.1. We will, therefore, limit our discussion to the second prong of the test, i.e., constitutional exces-siveness.
| .¡Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
There is no requirement that specific matters be given any particular weight. State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Any other relevant aggravating and mitigating factors may be considered in imposing sentence under La.C.Cr.P. art. 894.1 A(21) and (33). A defendant’s lack of remorse is also a proper sentencing consideration. State v. Shipp, 30,562 (La.App.2d Cir.4/8/98), 712 So.2d 230, writ denied, 98-1199 (La.9/25/98), 724 So.2d 775; State v. Daniels, 607 So.2d 620 (LaApp. 2d Cir.1992); State v. Anderson, 574 So.2d 468 (LaApp. 2d Cir.1991); State v. Colvin, 452 So.2d 1214 (LaApp. 2d Cir.1984), writ denied, 457 So.2d 1199 (La.1984).
Where a defendant has pled guilty to an offense which does not adequately describe his conduct, benefit received by plea bargain agreement and the attendant reduction in potential exposure to criminal penalty is a proper sentencing consideration. State v. Wry, 591 So.2d 774 (LaApp. 2d Cir.1991); State v. Anderson, supra; State v. Wilson, 561 So.2d 889 (La. App. 2d Cir.1990); State v. Bradford, supra; State v. Strange, 28,466 (La.App.2d Cir.6/26/96), 677 So.2d 587; State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987). As a general rule, maximum sentences are appropriate in cases involving the most blameworthy or ^egregious of offenders. State v. Grissom, 29,718 (La.App.2d Cir.8/20/97), 700 So.2d 541.
Regarding imposition of consecutive rather than concurrent sentences, La.C.Cr.P. art. 883 provides in pertinent part:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.
It is within a trial court’s discretion to order sentences to run consecutively rath *873 er than concurrently. State v. Maxie, 30,877 (La.App.2d Cir.8/19/98), 719 So.2d 104; State v. McCray, 28,531 (La.App.2d Cir.8/21/96), 679 So.2d 543; State v. Derry, 516 So.2d 1284 (La.App. 2d Cir.1987), writ denied, 521 So.2d 1168 (La.1988). Concurrent sentences arising out of a single course of conduct are not mandatory, State v. Pickett, 628 So.2d 1333 (La.App. 2d Cir.1993), writ denied, 94-0348 (La.5/20/94), 637 So.2d 476, and consecutive sentences under those circumstances are not necessarily excessive. State v. Ortego, 382 So.2d 921 (La.1980), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980); State v. Nelson, 467 So.2d 1159 (La.App. 2d Cir.1985). Ail factors in the case are to be considered in choosing whether to impose consecutive or concurrent sentences. State v. Ortego, supra; State v. Maxie, supra. Among the factors to be considered are the defendant’s criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims, whether the defendant constitutes an unusual risk of danger to the public, defendant’s apparent disregard for the property of others, the potential for defendant’s rehabilitation and whether defendant has received a benefit from a plea bargain. State v. Maxie, supra, citing State v. Wilson, 28,403 (La.App.2d Cir.8/21/96), 679 So.2d 963; State v. Smith, 26,661 (La.App.2d Cir.3/1/95), 651 So.2d 890, writs denied, 95-0918 (La.9/15/95), 660 So.2d 458; 95-0995 (La.1/29/97), 687 So.2d 378; 95-1598 (La.2/7/97), 688 So.2d 493. Furthermore, where the two offenses are separate, and not viewed as a single course of conduct, it is certainly within the discretion of the trial court to order that the terms of incarceration be served consecutively.[1]
In the instant case, the trial court determined that Defendant was in need of correctional treatment in a custodial environment most effectively provided by commitment to an institution, and that any lesser sentence would deprecate the seriousness of Defendant’s actions. In addition to the term of incarceration, the trial court recommended participation in the Intensive Incarceration/Intensive Parole Supervision Program.
The trial court’s written reasons for sentencing indicate that it carefully analyzed the considerations under article 894.1. The trial court noted the benefit and leniency given to Defendant by allowing him to plead guilty to two counts of simple burglary, thereby avoiding the more severe penalty of a mandatory minimum one-year sentence for each of the two counts of simple burglary of an inhabited dwelling. The trial court stated that the convictions resulted from two residential burglaries, both committed on July 2, 1999. The results of the pre-sentence investigation were reviewed. The report related Defendant’s criminal history, which began in 1997 and included prior charges of simple theft, | ¿¡possession of marijuana and two prior convictions of simple battery. The trial court noted that Defendant completed the tenth grade, had no work history and had not completed any further educational or vocational training. Several mitigating factors were considered by the trial court, including Defendant’s youthful age and “no particular history of criminal activity.”
*874 Additionally, the trial court noted aggravating factors concerning Defendant’s crimes, including the seriousness of the crimes, Defendant’s creation of undue risk of harm to himself and others and his inability to make restitution during any period of suspended sentence for the “irreplaceable” items taken. Also noted was Defendant’s statement in the pre-sentence investigation that he wanted a “first offender pardon,” which indicated to the trial court his lack of remorse.
As previously stated, the trial court was not required to give specific matters any particular weight. State v. Dunn, supra. The trial court’s consideration of the factor of the potential harm caused by Defendant’s actions was a proper consideration in stating a factual basis for imposing consecutive sentences. State v. Thomas, 98-1144 (La.10/9/98), 719 So.2d 49; State v. English, 582 So.2d 1358 (La.App. 2d Cir.1991), writ denied, 584 So.2d 1172 (La.1991); State v. Lighten, supra. The pre-sentence investigation report supports the trial court’s finding that Defendant lacked remorse, which was also a proper sentencing consideration. State v. Shipp, supra; State v. Daniels, supra; State v. Anderson, supra; State v. Colvin, supra. Finally, the benefit Defendant received by the plea bargain agreement was also properly considered by the trial court. We believe that the record clearly shows an adequate factual basis for the sentence imposed in terms of the length of the respective sentences as well as the order that they be served consecutively. Regarding the latter, we reiterate that Defendant committed two separate burglaries on July 2, 1999, and we find that it was well within the discretion of the trial court to order that the sentences for those burglaries run 1 gconsecutively, rather than concurrently, notwithstanding the State’s recommendation to the contrary.[2]
In summary, the record does not indicate that Defendant’s consecutive sentences are grossly out of proportion to the seriousness of the offenses, or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, supra; State v. Bonanno, supra. Viewed in light of the harm done to society, Defendant’s sentences do not shock the sense of justice. State v. Hogan, supra; State v. Bradford, supra. The sentences imposed are not excessive.

CONCLUSION

For the foregoing reasons, Defendant’s convictions and sentences are affirmed.
AFFIRMED.

. See State v. George, 26,867 (La.App.2d Cir.4/5/95), 652 So.2d 1382, writ denied, 95-1151 (La.9/29/95), 660 So.2d 855, wherein this court found that, although all of the offenses occurred on the same date, they involved two different victims and were not considered a single course of conduct. We determined, therefore, that the trial court did not err in directing the sentences be served consecutively. Likewise, in State v. Jackson, 30,473 (La.App.2d Cir.5/13/98), 714 So.2d 87, writ denied, 98-1778 (La.l 1/6/98), 727 So.2d 444, the trial court found that an armed robbery and the murders of two separate victims, all of which occurred on the same date, were separate events. The trial court explained that the only common occurrence in the events was that the robbery was planned together by the three defendants. In Jackson, the defendant’s consecutive life sentences without benefit were found not to be excessive on appeal.

. Additionally, we note that it is not necessary to find that Defendant is "the most blameworthy or egregious of offenders” to justify consecutive sentences, as Defendant contends, because such a finding is reserved for maximum sentence recipients. State v. Grissom, supra. In this case, Defendant did not receive a maximum sentence.