69 So.3d 704 (2011)
STATE of Louisiana
v.
R.A.L.
No. 10-1475.
Court of Appeal of Louisiana, Third Circuit.
June 29, 2011.
*705 James C. Downs, District Attorney, Ninth Judicial District Court, Monique Y. Metoyer, Alexandria, LA, for State-Appellee, State of Louisiana.
Annette Fuller Roach, Louisiana Appellate Project, Lake Charles, LA, for Defendant Appellant, R.A.L.
Court composed of ELIZABETH A. PICKETT, BILLY HOWARD EZELL, and PHYLLIS M. KEATY, Judges.
PICKETT, Judge.

FACTS
On January 24, 2008, a grand jury returned a bill of indictment charging the defendant, R.A.L., with aggravated rape, a violation of La.R.S. 14:42, and aggravated incest, a violation of La. R.S. 14:78.1.
On March 27, 2009, the defendant filed a pro se motion asking that he be granted a new attorney. Following a hearing on April 9, 2009, the court granted that motion.
On March 1 and 2, 2010, the trial court heard several pre-trial motions including a Motion to Exclude Evidence of Lustful Disposition at which the defendant's oldest daughter, not the victim, testified. The court denied the defendant's motion.
Later that same day, the defendant entered an Alford plea to a reduced charge of forcible rape and to aggravated incest. He received an agreed-upon sentence of twenty-five years on each count. A written plea agreement, signed by the defendant, as well as a written sex-offender registry notification, also signed by the defendant, were filed into the record in open court at the time the plea was taken.
On March 29, 2010, the defendant filed a motion to withdraw his guilty plea. A hearing was held on May 24, 2010, and the court ordered counsel to submit briefs. The court issued written reasons for judgment on July 26, 2010, and specifically found the defendant's guilty plea was knowing and voluntary.
The defendant appeals from the trial court's denial of his Motion to Withdraw Guilty Plea, assigning six assignments of error.

ASSIGNMENTS OF ERROR
1. Appellant's Alford pleas were not knowingly and intelligently entered and are thus constitutionally infirm.
2. The plea agreement offered by the state and entered into in this case was invalid and unenforceable at it called for the imposition of a constitutionally excessive sentence for aggravated incest.
3. The trial court erred in advising Appellant of the incorrect penalty range for the offense of aggravated incest.
4. The trial court erred in failing to advise Appellant of the sex offender registration and notification requirements prior to the acceptance of his best interest pleas.

*706 5. The trial court erred in denying Appellant's Motion to Withdraw Guilty Plea.
6. The double jeopardy clause of both the state and federal constitutions were violated when punishment was imposed upon Appellant for both aggravated incest and the "prohibited act" of forcible rape from the same course of criminal conduct.

ERRORS PATENT
In accordance with La.Code Crim. P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record we find one error patent regarding the sentence for aggravated incest. Because it is also an assigned error, it will be discussed below.

ASSIGNMENT OF ERRORS ONE THROUGH FIVE
The defendant's first five assignments of error are related as they all pertain to whether his guilty pleas were knowingly and intelligently entered. The defendant's pleas were entered pursuant to a plea bargain between the state and the defendant. The state agreed to reduce the charge of aggravated rape, which carried a life sentence, to the charge of forcible rape with an agreed-upon sentence of twenty-five years. The defendant also agreed to plead guilty to the offense of aggravated incest with a twenty-five year sentence that would be concurrent to the sentence for forcible rape. This was a plea pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), wherein R.A.L. maintained his innocence as to the charges but agreed that entering the plea was in his best interest considering the evidence the state would produce against him and the possible consequences of being found guilty of the offenses charged. R.A.L. signed a Plea of Guilty and Waiver of Rights form, which set forth not only the rights he was waiving by pleading guilty but also the terms of the plea and also signed a Sex Offender Notification form. Both were filed in the record in open court at the time the plea was taken. It is clear from a review of the record that the Sex Offender Notification form was provided to the defendant after the court had accepted the pleas of guilty and imposed the agreed-upon sentences, but during the same proceeding. Neither the defendant nor his attorneys voiced any objection to the court as to the timeliness of the signing or filing of the Sex Offender Notification form.
Louisiana Code of Criminal Procedure Article 559(A) provides that a court "may permit a plea of guilty to be withdrawn at any time before sentence." A trial court may only set aside a guilty plea after sentencing when the facts surrounding the guilty plea render it constitutionally infirm. State v. Smith, 406 So.2d 1314 (La.1981), State v. Rios, 95-961 (La.App. 3 Cir. 3/6/96), 670 So.2d 708; State v. Filer, 99-626 (La.App. 3 Cir. 9/20/00), 771 So.2d 700, writ denied, 00-2918 (La.9/21/01), 797 So.2d 63. The trial court is vested with broad discretion in determining whether or not to allow the withdrawal of a guilty plea, and its decision will be reversed only if that discretion is abused or arbitrarily exercised. State v. D.G.H., 07-524 (La. App. 3 Cir. 10/31/07), 969 So.2d 1254.
The defendant sets forth two separate arguments that he claims renders the guilty pleas constitutionally infirm. The first is that he was misinformed by his attorney, the prosecutor, and the court of the correct sentencing range for the offense of aggravated incest. At the time the guilty plea was entered, the possible penalty for aggravated incest was a minimum of twenty-five years and a maximum *707 of ninety-nine years with at least twenty-five years to be served without benefit of parole, probation, or suspension of sentence. There is no question that this sentencing range is inapplicable to the case before us. The correct sentencing range is that which was in effect at the time of the commission of the crime, between January 1, 2000, and December 31, 2003. At the time of the commission of the crime the penalty for aggravated incest was significantly less; La.R.S. 14:78.1(D) provided that "A person convicted of aggravated incest shall be fined an amount not to exceed fifty thousand dollars, or imprisoned, with or without hard labor, for a term not less than five years nor more than twenty years, or both." There were no restrictions on parole eligibility contained in the statute.
The defendant argues that his guilty plea is constitutionally infirm because the plea agreement called for the imposition of a sentence that exceeded the possible maximum sentence provided at law. He argues that because that portion of the plea agreement which provides for a twenty-five year hard labor sentence on the aggravated incest charge cannot be enforced, the law requires the plea, conviction and sentence to be vacated. We disagree.
In State v. Alexander, 95-1099 (La.App. 3 Cir. 12/26/96), 687 So.2d 527, this court addressed the validity of a guilty plea which included a plea bargain sentence which exceeded the maximum legal sentence. There the court stated:
We recognize that an illegal sentence may sometimes invalidate a plea agreement and require that the defendant's guilty plea be withdrawn. State v. Rios, 95-961 (La.App. 3 Cir. 3/6/96), 670 So.2d 708. When a guilty plea rests on a promise or agreement of the prosecutor or trial court, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. State v. Manchester, 545 So.2d 528 (La.1989); [State ex rel.] Hughes v. Court of Appeal, First Circuit, 526 So.2d 223 (La. 1988); State v. Taylor, 535 So.2d 1229 (La.App. 3 Cir.1988).
Nevertheless, we find that the cases in which an illegal sentence resulted in the withdrawal of a guilty plea universally involve illegally lenient sentences. The case sub judice is distinguishable in that it involves an illegally excessive sentence. The defendant in the instant case agreed to a sentence in excess of the sentence he will ultimately receive. The inability of the state to fulfill its promise inures to the defendant's benefit, and causes no prejudice to defendant.
Since the defendant agreed to the excessive sentence of five years with an additional 160 days, it is only logical to assume that he would have agreed to the lesser sentence of five years. We find that the illegally excessive sentence did not induce the defendant to accept a plea agreement that he would have otherwise refused, and the state's failure to fulfill its promise of excessive imprisonment is not a material breach of the agreement. See State v. Reeves, 613 So.2d 1061 (La.App. 3 Cir.), writ denied, 619 So.2d 543 (La.1993).
Id. at 528-529.
In Alexander, the court found the consideration for the guilty plea was that the defendant receive a probated sentence which he did. In the matter before us the consideration for the plea was that the defendant's sentencing exposure be reduced from a mandatory life sentence on the charge of aggravated rape to a maximum twenty-five years. That was accomplished by amending the indictment to a charge of forcible rape and sentencing the *708 defendant to twenty-five years, concurrent, on each of the offenses. The defendant has shown no prejudice was a result of the error in the sentencing. We find, therefore, this argument is without merit.
We do find, however, that the sentence is illegally excessive and must be corrected. In accordance with La.Code Crim.P. art. 882, we will vacate the twenty-five year sentence imposed for the offense of aggravated incest. The defendant will be sentenced to five years at hard labor for the offense of aggravated incest. This sentence is to run concurrently with the sentence the defendant is serving for forcible rape, and he is to be given credit for time served.
The defendant's second argument as to the validity of the guilty plea pertains to whether he was properly notified of the sex offender notification and registration requirements at the time the guilty plea was entered as set forth in La.R.S. 15:543.
Louisiana Revised Statutes 15:543(A) provides:
The court shall provide written notification to any person convicted of a sex offense and a criminal offense against a victim who is a minor of the registration requirements and the notification requirements of this Chapter. For purposes of this Subsection, the court shall use the form contained in R.S. 15:543.1 and shall provide a copy of the registration and notification statutes to the offender. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant, and an entry shall be made in the court minutes stating that the written notification was provided to such offenders.
The court is required to review the record as a whole and to look at the totality of the circumstances surrounding the plea to determine whether a guilty plea was free and voluntary and whether a defendant's waiver of rights was knowingly and intelligently made. In State v. Calhoun, 96-786 (La.5/20/97), 694 So.2d 909, the Louisiana Supreme Court stated that the failure of a trial court to advise a defendant of the registration requirement is one factor that can be considered to undercut the voluntary nature of a guilty plea when considering the "totality of the circumstances" under which the plea was taken. The supreme court discussed their ruling in Calhoun in State v. Blanchard, 00-1147, p. 4 (La.4/20/01), 786 So.2d 701, 704 (alteration in original), where they stated:
With regard to the trial court's failure to address Louisiana's sex offender registration and notice provisions at the time respondent entered his pleas, we made our observation as to the importance of a similar failing in Calhoun in the context of testimony by the petitioner at the hearing on his pro se motion to withdraw his guilty plea that he had "learned of the registration requirements only after he had entered his guilty pleas and, then, only after someone had informed his wife of the sex offender registration laws." Calhoun, 96-0786 at 4, 694 So.2d at 912. However, we cautioned in Calhoun that "[t]oday, we conclude only that the district court's failure to timely notify a defendant of the registration requirements is a factor that can undercut the voluntary nature of a guilty plea. . . ." Id., 96-0786 at 9, n. 6, 694 So.2d at 914.
The supreme court went on to determine that under the "totality of the circumstances" in Blanchard the voluntariness of the plea was not undercut by the trial court's failure to address the sex offender registration and notice provisions at the time the guilty plea was entered and *709 found the trial court did not abuse its discretion by denying the defendant's motion to withdraw his plea.
In the matter before us, the defendant was represented by two attorneys and had the benefit of an investigator who had been working with his case. Both attorneys were present in court when the plea was entered. The state amended the bill of indictment from aggravated rape to forcible rape and the defendant replied affirmatively that it was his intention to plead guilty to the offenses of both forcible rape and aggravated incest. The defendant identified his signature on the guilty plea form and stated he understood what was on the form. He denied being under the influence of drugs or alcohol. The trial judge informed him of his right to be represented by counsel, of his right to a trial jury, of his right to confront the witnesses against him, of his right to subpoena witnesses, and of his right against self-incrimination. The defendant affirmatively responded that he understood these rights and that by pleading guilty he was waiving those rights. The court further explained that the state would have to prove the defendant's guilt beyond a reasonable doubt and reviewed the elements of the offenses to which the defendant was pleading as well as the sentencing range for those offenses. The defendant indicated he understood what the state would have to prove and the potential sentences. The state set forth a factual basis for the plea. The defendant denied committing the offenses but indicated to the court he believed it to be in his best interest to plead guilty. The defendant specifically responded to the court that he was pleading guilty to each of the charges. The court accepted the pleas and imposed the stipulated sentences. The defendant further stated he had given up all rights to appeal the convictions and sentences. The state then presented the Sex Offender Registration form which the defendant and judge both signed and which was filed in the record along with the guilty plea form. Mr. Lewis was provided a copy of that form at that time. Following the discussion regarding the sex offender registry form, and its signing and filing, the court asked if the parties had anything else to discuss. Both the state and defense counsel responded in the negative. The defendant raised no questions at that time.
Reviewing the totality of the circumstances, we find there was no abuse of discretion in the trial court's ruling that the guilty pleas were knowingly and intelligently entered. We note that in the Motion to Withdraw Guilty Plea, it is set forth that the defendant was a special education student and did not understand the ramifications of his pleas or his options. The motion does not specifically claim he did not know he would have to register as a sex offender. At the hearing on that motion, however, it was established that the defendant is a high school graduate. The defendant clearly and correctly explained the definition of "best interest" when questioned regarding his understanding of a "best interest plea." Although he denied knowing he had to register as a sex offender upon his release, he did not testify that he would not have entered these pleas had he known of that. He voiced no objection during the guilty plea colloquy based on any lack of knowledge. When given the opportunity by the court to bring forth any issues near the end of the taking of the plea he said nothing. Although his sister testified that he consistently, throughout the plea, indicated he did not want to plead guilty, this is not supported by the record before us and is not supported by the testimony of his attorney.
It is clear that the defendant maintains his innocence, hence the Alford plea. It is also clear from a review of the record and *710 the testimony that the defendant decided to plead guilty after realizing his oldest daughter was going to testify against him and that testimony had been ruled admissible at the La.Code Evid. art. 412.2 hearing. It is clear from a review of the record that his motivation in entering the plea was to avoid a life sentence on the charge of aggravated rape and, by his own statements, to keep his daughters from having to testify.
The defendant argues that the sentencing issue of the aggravated incest charge and the timeliness of the defendant learning of the sex offender registry combine to undercut the voluntariness of the plea when considering the totality of the circumstances. We disagree. We have fully discussed the sentencing issue above and will not repeat that discussion here except to note the defendant's primary concern was to avoid a life sentence of the more serious charge. His willingness to enter a plea to a concurrent twenty-five year sentence certainly indicates he would willingly enter a plea to a concurrent sentence of less than twenty-five years. Further, the defendant was notified of the requirements of the sex offender registry at the hearing where the guilty pleas were taken, and he had the opportunity to raise any objections he had to any lack of knowledge or understanding at that time. He did not do so.
Based on our review of the record we find no abuse of discretion on the part of the trial court in denying the defendant's Motion to Withdraw Guilty Plea.

ASSIGNMENT OF ERROR SIX
In his final assignment of error the defendant argues that he was subjected to double jeopardy when he entered pleas of guilty and was punished for both aggravated incest and forcible rape since the forcible rape was the "prohibited act" which would have had to have been proved in the prosecution of the aggravated incest charge under La.R.S. 14:78.1(B). If the charges of forcible rape and aggravated incest had arisen from one alleged isolated incident we would agree. That is not the case.
The bill of indictment reflects one count of aggravated rape, later reduced to forcible rape pursuant to the plea bargain, and a separate court of aggravated incest. Each of these offenses was alleged to have occurred during the same time period, January 1, 2000December 31, 2003. When reciting the facts to support the plea, the prosecutor stated in part as follows:
BY MS. METOYER: . . . you would hear from the victim herself, BL date 12-3 of '91, who would indicate to the Court that during the time approximately, I believe, that she was in the third or fourth grade, that her father began to, ah, rape her, penile to vaginal penetration. That this went on for over a two year period of time in between the 1st day of January of 2000 and 31st day of December of 2003.
The victim's recorded statement, which appears in the record, reflects multiple offenses that occurred during the time period set forth above. There was not a single incident for which the defendant was charged with two separate crimes. Rather, he was charged with only one count each for separate offenses rather than for all the offenses he allegedly committed. This argument, therefore, lacks merit.

CONCLUSION
We find no abuse of the trial court's discretion in denying the defendant's Motion to Withdraw Guilty Plea and affirm the defendant's convictions. We do find that the defendant's sentence for aggravated incest of twenty-five years at hard labor *711 exceeds the sentencing range in effect at the time of the offense. In accordance with Louisiana Code of Criminal Procedure Article 882, we hereby vacate the previously imposed sentence for the offense of aggravated incest of twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence. The defendant is hereby sentenced to five years at hard labor for the offense of aggravated incest. This sentence is to run concurrently with that imposed for the offense of forcible rape. He is given credit for time served. We remand this case to the trial court with instructions to enter the new sentence into the minutes of court.
CONVICTIONS AFFIRMED; SENTENCE FOR AGGRAVATED INCEST VACATED; SENTENCE FOR AGGRAVATED INCEST IMPOSED; AND REMANDED WITH INSTRUCTIONS.