506 So.2d 598 (1987)
STATE of Louisiana
v.
Quinton HACKETT and Reginald G. Mark.
No. KA-5159.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1987.
*599 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michael E. McMahon, Asst. Dist. Atty., Chris Toensing, Law Clerk, New Orleans, for appellee.
Arthur J. Brewster, Michael S. Gallagher, S.J. New Orleans, for appellant Reginald G. Mark.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant Quinton Hackett.
Before GULOTTA, BYRNES and LOBRANO, JJ.
BYRNES, Judge.
Defendants, Reginald Mark and Quinton Hackett were charged with armed robbery, a violation of R.S. 14:64. Prior to trial, Hackett entered into a plea bargain and pled guilty to the charge. Mark was tried by a jury and convicted. Both were sentenced to fifteen years at hard labor despite Hackett's earlier plea bargin for a seven year sentence. By this appeal Hackett asserts that the trial court erred in imposing a more severe sentence than that agreed upon in the plea bargain. Mark claims that the trial court erred in failing to suppress testimony concerning out-of-court and in-court identification. While we agree with Hackett's contention and vacate his sentence, we find no merit in Mark's assertions and therefore affirm his conviction and sentence.

FACTS
On June 16, 1985, at approximately 4:30 a.m. Scott Pilliard was walking down Carondelet Street after an evening of drinking in the French Quarter when defendants Hackett and Mark approached him from behind. Mark cornered the victim and Hackett put a gun to his head and demanded money. Hackett then snatched Mr. Pillard's wallet containing two or three dollars and pistol-whipped him, knocking him to the ground. The defendants then fled the scene.
During the incident there were four security guards nearby who, after witnessing various stages of the robbery, called the police. Shortly thereafter Officer Kelly of the New Orleans Police Department arrived on the scene, took descriptions of the defendants from the witness and broadcast this information over the radio. Moments later another policeman spotted two individuals who matched these descriptions approximately ten blocks from the scene of the crime. When he ordered the pair to stop, he saw Hackett throw a chrome plated gun in a nearby catch basin.
The defendants were then arrested and taken back to the scene of the robbery for identification. The officers asked the victim and each witness to individually identify the two defendants who stood beside separate police cars. Mr. Pillard and three of the security guards positively identified the defendants as the pair who had committed the robbery.

DEFENDANT HACKETT
By his sole assignment of error, Hackett asserts that the trial court erred in imposing a fifteen year sentence when he had entered into a plea agreement by which he was to receive a seven year sentence. We agree. The record shows that the trial court agreed to impose a seven year sentence in exchange for Hackett's guilty plea to the charge of armed robbery. However, the agreement was conditioned on the truthfulness of Hackett's statements to the judge that Mark did not participate in the robbery.
*600 During Mark's trial it became apparent that Hackett had lied to the judge concerning Mark's non-involvement. Several eyewitnesses positively identified Mark as being Hackett's accomplice. At the sentencing proceeding the judge stated that Hackett had lied "about everything having to do with Mr. Mark" and sentenced him to fifteen years at hard labor without probation, suspension or parole. Defense counsel promptly objected to the sentence as being a breach of plea bargain and placed the trial court on notice of the defendant's intent to appeal the sentence.
Our review of the record convinces us that a plea bargain was entered into in this case. During the Boykinization of Hackett the trial judge summarized that bargin to Hackett as follows:
You also understand that I told Mr. Hattier that I would impose a sentence of seven years at hard labor without probation, suspension, or parole, but Mr. Hackett, I'm going to wait the sentencing (sic) you until I hear from Mr. Mark or I'm going to find out what happened with your co-defendant, because, quite frankly, although I want to believe you, I have a little difficulty with that. So, what I'm telling you is the seven years is yours provided you've told me the truth in this matter. Do you understand that?
Earlier in the Boykinization proceeding the trial judge made it clear that the plea bargain would be void if Hackett had lied by stating:
Mr. Hackett, I'm going to tell you something. You're under oath. If you're lying to me, I'm tearing this thing up and you're going to get everthing that's coming to you, plus some, do you understand that?
It is obvious that the "thing" the trial judge refers to in this statement is Hackett's guilty plea form which she was in the process of reviewing with him as part of the Boykinization process. Thus it appears that the plea bargain in this case was conditioned on Hackett's truthfulness. When the Court became convinced that this condition had not been satisfied it was justified in not honoring the bargain. How-ever, the court erred by continuing to treat Hackett as if his guilty plea was still valid and sentencing him to 15 years.
Hackett was entitled to rely on the trial court's representation that the agreement would be void if he had lied to the court. By not giving Hackett a chance to withdraw his guilty plea (which was at least partially induced by the promise of a seven year sentence), the trial court nullified the required showing that the plea was intelligent and voluntary. State v. Chalaire, 375 So.2d 107 (La.1979). State v. Delgado, 388 So.2d 384 (La.1980). We therefore vacate Hackett's sentence and remand his case to the District Court for further proceedings. In the event that Hackett is brought to trial, he has the right to be tried before a different judge. State v. Chalaire, supra, Cf. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

DEFENDANT MARK
By his first assignment of error, Mark contends the trial court erred in failing to suppress trial testimony relating to his out-of-court indentification on the evening of the robbery by three witnesses because of its suggestive nature and unreliability. Before an indentification will be suppressed, a defendant must prove that the identification itself was suggestive and that there was a likelihood of misidentification as a result of the procedure. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Prudholm, 446 So.2d 729 (La.1984). In Manson, the court set forth five factors to be considered in determining whether an identification was suggestive:
(1) the witness's opportunity to view the defendant at the time the crime was committed; (2) the degree of attention paid by the witness during the commission of the crime; (3) the accuracy of any prior description; (4) the level of the witness's certainty displayed at the time of identification; and (5) the length of time elapsed between the crime and the identification.
Applying these factors to the present case we find that the identification procedure was not unduly suggestive. At the time of the robbery, there were four security *601 guards working in the block of Carondelet where the crime occurred. Of these four, three were able to positively identify both defendants. One of these three witnesses viewed the robbery from across the street, while another witnessed the incident while standing some fifteen feet from the defendants. The third security guard's vantage point was so close that she was almost knocked over when the defendants fled the scene. The record also shows that the area was well illuminated by street lighting.
Regarding the attentiveness of the witnesses, the record reflects that each of the witnesses was alert at the time of the robbery and aware that a crime was in progress. Furthermore since all three witnesses are security guards, it is reasonable to conclude that they would be particularly attentive of street activity occuring near their posts at such an early morning hour.
Additionally, the record shows that the descriptions of the defendant given by the witnesses moments after the incident coincided for the most part, with the actual descriptions of the defendants. Moreover, the witnesses made positive identifications of the defendants within thirty minutes after observing the robbery.
At the motion to suppress the identification the trial judge heard testimony from the witnesses concerning the circumstances surrounding their identification of the defendants. On the basis of this testimony, the trial judge denied the motion to suppress thereby admitting the evidence of the identifications. The trial court's ruling on the admissibility of identification evidence is given great weight and will not be disturbed on appeal unless the preponderance of the evidence clearly so mandates. State v. Griffin, 336 So.2d 791 (La.1976).
Having reviewed the record, we conclude that the out-of-court identifications were not suggestive and therefore testimony regarding these identifications were properly admitted at trial. Having determined that the out-of-court identification were not suggestive, we need not reach Mark's second assignment of error.
We have also reviewed the record for errors patent and find none. For the foregoing reason, we affirm Mark's sentence and conviction. Hackett's sentence is vacated and his case remanded to the trial court for further proceedings in accordance with the law and this opinion.
AFFIRMED IN PART; VACATED IN PART; REMANDED IN PART.