CIACCIO, Judge.
Defendant, Johnny J. Bray, was charged with aggravated crime against nature in violation of LSA-R.S. 14:89.1. In a companion case, defendant was charged with three counts of cruelty to a juvenile in violation of LSA-R.S. 14:93, and with one count of molestation of a juvenile, a violation of LSA-R.S. 14:81.2. After a trial on the molestation and cruelty charges was held on August 17, 1988, a jury found him guilty as charged. On August 18, 1988, defendant entered a guilty plea on the aggravated crime against nature charge. He pled guilty pursuant to a plea bargain that the sentence would run concurrent with the sentences imposed in the companion case and that he could later withdraw the guilty plea should the conviction in the other case be overturned. The trial court sentenced defendant to serve ten years at hard labor on each of the four charges in the companion case and sentenced him to serve ten years at hard labor without the benefit of parole, probation or suspension of sentence as a result of the guilty plea. The trial judge ordered all sentences to be served concurrently.
As his sole assignment of error defendant contends that the trial court erred in imposing a ten year sentence without benefit of probation, parole or suspension of sentence. He argues that as part of his plea bargain he would receive the same sentence in both cases. As the sentence imposed on the aggravated crime against nature charge was without benefit of parole, probation or suspension of sentence, defendant maintains that the sentences are in fact different and that he never would have pled guilty under the circumstances.
There is absolutely nothing in the record to support defendant’s claim. The transcript of defendant’s guilty plea indicates that the defendant understood he would be sentenced at hard labor for not less than three years, nor more than fifteen years, without benefit of parole, probation or suspension of sentence. The trial judge explained to the defendant that he would not receive a greater sentence for his guilty plea on the aggravated crime against nature charge than he would receive for his conviction on the four counts in the companion case and that the maximum sentence in the companion case was ten years on each count. The trial judge reiterated that the defendant’s sentence would be served without benefit of probation, parole or suspension of sentence and the defendant answered that he understood what the judge had said. The trial court then imposed the sentence. Neither the defendant nor his counsel objected to the terms of the sentence when it was imposed.
Expectation of a lesser sentence than the one imposed will not undermine the voluntary nature of the plea. State v. Dunn, 408 So.2d 1319 (La.1982). Likewise, dissatisfaction with the sentence or expected sentence is not grounds for withdrawal if the accused entered the plea on the ad *368 vice of competent counsel and there is no indication that a prior commitment had been broken. State v. Clark, 414 So.2d 369 (La.1982).
Accordingly, defendant’s sentence is affirmed.
AFFIRMED.