612 So.2d 176 (1992)
STATE of Louisiana
v.
Willie WHEAT.
No. KA 91 2323.
Court of Appeal of Louisiana, First Circuit.
December 23, 1992.
*177 Doug Moreau, Dist. Atty., Office of the Dist. Atty. by Brent Stockstill, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellee.
Public Defender's Office, Baton Rouge, for defendant/appellant.
Before WATKINS, CRAIN and GONZALES, JJ.
CRAIN, Judge.
The defendant, Willie Wheat, was charged by bill of information with sexual battery, a violation of LSA-R.S. 14:43.1. He pled not guilty to the charge. Subsequently, the defendant withdrew his initial plea of not guilty and entered a plea of guilty as charged. The trial court sentenced him to five years at hard labor with credit for time served. The defendant has appealed, alleging as his sole assignment of error that the trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1.
The factual background of the offense to which the defendant pled guilty is taken from the brief factual basis given by the State at the time of the Boykin and guilty plea. On March 15, 1991, the defendant and his brother encountered the victim in the area of Denham Springs, Louisiana. The victim went with the brothers to a friend's motel room, where she was raped by the defendant.
The defendant urges in his sole assignment of error that the trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1. He argues that he made a plea agreement but, when the plea agreement was broken, he should have been allowed to withdraw his guilty plea. Further, the defendant contends that his five year sentence is excessive, particularly since he is a first felony offender.
A trial court may permit the withdrawal of a guilty plea at any time before sentencing. La.C.Cr.P. art. 559 A. A trial court's decision is discretionary, subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Hebert, 506 So.2d 863, 865 (La.App. 1st Cir.1987).
A guilty plea is a conviction and, therefore, is to be afforded a great measure of finality. State v. Thornton, 521 So.2d 598, 600 (La.App. 1st Cir.), writ denied, 530 So.2d 85 (La.1988). Furthermore, a defendant may not withdraw a guilty plea simply because the sentence to be imposed is heavier than anticipated. It is not unreasonable for a trial judge to deny a defendant the luxury of gambling on his sentence, then withdrawing his plea if and when he discovers, before imposition, the sentence is not to his liking. State v. Banks, 457 So.2d 1264, 1266 (La.App. 1st Cir.1984).
Our review of the instant record indicates that there is no legal basis for the withdrawal of the plea. Initially, we note that the record does not contain a motion for withdrawal of the plea. Furthermore, we find that the trial court conducted an adequate Boykin hearing. At the beginning of the hearing, the trial court asked the defendant how he pled to the charge of sexual battery. The defendant responded, *178 "Guilty." The trial court explained the elements of the offense, and the defendant indicated that he understood the charge. The court informed the defendant of his right to jury trial, the right to confront his accusers, and the right against self-incrimination. When the court inquired as to the defendant's education, he indicated that he had completed the tenth grade and had the ability to read and write. Considering the above, we are convinced that the defendant knowingly and voluntarily entered this plea with a full understanding of the consequences.
During the guilty plea hearing, the trial court informed the defendant that the State recommended probation and that his sentence likely would be three years supervised probation. However, the court told the defendant that it was going to order a presentence investigation (PSI) to confirm that there was not any information about the defendant of which the court had not been informed. The court also instructed the defendant that he should not do anything in the next sixty days which would prevent the court from imposing probation. The court stated, "And that means, sir, if you get in any kind of trouble in the next 60 days, I'm going to maintain your guilty plea, but the deal is off...."
The defendant concludes that the trial court promised to impose a sentence of three years supervised probation. We disagree. The court indicated that it would "most likely" impose probation if the PSI was returned favorably to the defendant and if he stayed out of trouble for 60 days. During sentencing the court stated that the defendant did not stay out of trouble, as he was arrested for a separate offense during the sixty day period. The court also indicated that, although the defendant was classified as a first felony offender, he has a lengthy arrest record. Therefore, the court asserted that it did not feel that the defendant was a candidate for probation and sentenced him to five years at hard labor.
In his brief to this Court, the defendant cites State v. Hackett, 506 So.2d 598 (La. App. 4th Cir.1987), as the authority for his argument that the trial court should have allowed the defendant to withdraw his guilty plea. In Hackett, the defendant entered into a plea agreement. In exchange for his guilty plea to armed robbery, the trial court indicated that it would impose a seven year sentence. However, the agreement was conditioned on the truthfulness of Hackett's statements to the trial court that a co-defendant did not actually participate in the robbery. Additionally, during the Boykin hearing, the court made clear that the plea bargain would be void if Hackett had lied. During the co-defendant's trial, it became apparent that Hackett had lied to the trial court concerning the co-defendant's non-involvement. At sentencing, the trial court noted that Hackett had lied and sentenced him to fifteen years at hard labor without benefit of parole, probation, or suspension of sentence. The Fourth Circuit concluded that the plea bargain was conditioned on Hackett's truthfulness and, therefore, the trial court was justified in not honoring the plea bargain; however, because Hackett was entitled to rely on the court's representation that the plea agreement would be void if he had lied to the court, the court erred by continuing to treat him as if his guilty plea was still valid and by failing to give Hackett a chance to withdraw his guilty plea.
We find the instant case to be distinguishable from the situation presented in Hackett. In our view, the defendant's guilty plea was unconditional. Only the sentence to be imposed depended upon the outcome of the PSI and the defendant's staying out of trouble. We conclude that the defendant gambled that his PSI would be favorable and that he would be able to stay out of trouble for sixty days. The defendant lost. He should not now be allowed to withdraw his guilty plea because the trial court imposed a sentence of imprisonment as opposed to probation, when the trial court specifically warned the defendant of such a result. Accordingly, we find no breach of a specific plea agreement; thus, the trial court did not err in failing to give the defendant the opportunity to withdraw his guilty plea.
*179 The defendant further contends that the sentence imposed is excessive. The Louisiana Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La. 1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has wide discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
In imposing sentence, the trial court considered the facts of the instant offense, the defendant's PSI and criminal record, and the fact that the defendant was arrested for a separate offense after his guilty plea and prior to sentencing. The court noted that the defendant is unemployed and has a poor work record. The defendant has a significant criminal history with a lengthy arrest record. The court stated that the defendant appears to have a continuing drug and alcohol problem. The defendant failed to show remorse and has not accepted responsibility for the crime as he blames his involvement on the victim. The court also expressed that the defendant is in need of a custodial environment and is unable at this time to be a contributing member of society. Considering the above, we find that the court adequately complied with the Article 894.1 guidelines.
We do not find the sentence imposed in this case to be excessive. In pleading guilty to sexual battery, the defendant was exposed to imprisonment, with or without hard labor, for not more than ten years. See LSA-R.S. 14:43.1 C. The defendant's sentence of five years at hard labor was in the middle range of the possible sentence that he could have received. Considering the reasons for sentencing by the trial court, we find no abuse of discretion in the sentence imposed.
CONVICTION AND SENTENCE AFFIRMED.