WALTZER, Judge.

STATEMENT OF THE CASE

The defendant, Gregory LaGarde, was charged by bill of indictment with two counts of aggravated rape, violations of R.S. 14:42, and two counts of aggravated burglary, violations of R.S. 14:60. On June 28,1989, the appellant entered a plea of not guilty. On June 11, 1990, the appellant withdrew his former plea of not guilty and entered pleas of guilty to two counts of forcible rape, violations of R.S. 14:42.1, and two counts of aggravated burglary, violations of R.S. 14:60. The appellant was sentenced to serve forty years at hard labor on each count of forcible rape, and thirty years at hard labor on each count of aggravated burglary. All sentences are to run concurrently. In August, 1990, the defendant filed an application for post-conviction relief alleging that he was promised a thirteen year sentence in exchange for his plea of guilty to the charges. When the trial court had not ruled on the application, this court transferred the application to the trial court for consideration as a motion for appeal of the sentence.
*546 The appellant then filed an application for post-convictions relief which was denied by the trial judge on October 8, 1991. This court, in 91-K-2073, ordered that the trial court issue a per curiam stating whether the relator’s sentence was the result of a plea bargain and, if so, what sentences were promised. The trial court on December 10, 1991, issued a per curiam stating that an evidentiary hearing would be held on the defendant’s claim that his counsel informed him that he would receive a thirteen year sentence. This hearing was continued numerous times through 1991. On March 31, 1992, this court issued an order to the trial court to issue a per curiam within thirty days based upon its “currently available knowledge”. The trial court issued a per curiam, which is undated (the docket master indicates it was rendered on May 13, 1992), stating that the court was unaware of any promise made by counsel regarding any thirteen year sentence, and that there was no evidence that defense counsel made such a promise. The trial court granted the defendant an out-of-time appeal. This appeal follows. DISCUSSION
A. Errors Patent
A review of the record for errors patent reveals that the trial court judgment appealed from is not a final appealable judgment. C.Cr.P. art. 912. A defendant may invoke the supervisory jurisdiction of the Court of Appeal if the trial denies relief on an application for post-conviction relief. C.Cr.P. art. 930.6(A). Accordingly, this appeal should be considered as an application for supervisory relief.
B. Assignments of Error

Assignment of Error 1

The defendant argues that the trial court erred in denying his post-conviction application seeking withdrawal of his guilty pleas. The defendant contends that he was induced to plead guilty to two counts of forcible rape, reduced from aggravated rape, and two counts of aggravated burglary, in exchange for receiving a forty year sentence of which he would serve only thirteen years. The defendant claims that his prior counsel, Mr. Ray Harris, advised him to plead guilty and told him that he would serve only thirteen years in prison. Apparently, the defendant has now discovered that he will serve more than thirteen years in prison (although the defendant has not presented any documentation supporting his belief).
A guilty plea is constitutionally infirm when the state does not fulfill an express or implied part of the plea bargain agreement which precipitated the defendant’s decision to plead guilty. State v. Hayes, 423 So.2d 1111, 1112 (La.1982). “It is well settled that when a guilty plea is induced by a plea bargain or by what a defendant justifiably believes is a plea bargain, and that bargain is not kept, defendant is denied due process of law because the guilty plea was not freely and knowingly given.” Id. at 1114. If a plea bargain exists to which the state is not a party but upon which a defendant relied in pleading guilty, he must be allowed to withdraw his plea if he so moves.
In State ex rel. Lafleur v. Donnelly, 416 So.2d 82 (La.1982), the court vacated the defendant’s sentences which were more severe than what he had been led to believe. The defendant in that case pled guilty to various crimes, believing he would receive concurrent sentences. He was never informed, however, that one of these sentences would have to be served without benefit of parole eligibility. The court noted that “it is probably much more important to the defendant’s decision [about whether to plead guilty] that he understand the maximum penalty exposure.” Id. at 84.
The defendant in the present case testified at the evidentiary hearing on the application for post-conviction relief that “the D.A. would break the charge from aggravated to forcible and give me forty and I do thirteen of them.” The defendant’s father testified that the defendant’s former counsel told his son that he would receive “around thirteen years” and answered that he believed that his son would receive a forty year sentence but would be *547 eligible for parole after thirteen years. Although he was unsure exactly how the sentence was to be served, he understood that his son would receive a reduced sentence in exchange for the charges being reduced.
The defendant’s former lawyer, Mr. Ray Harris, did not appear for this hearing although attempts to locate him were made through most of 1991 before this court ordered that the hearing take place even if Mr. Harris could not be located. At the hearing, the defendant admitted that he initialed and signed the Waiver of Rights/ Plea of Guilty Form (which is not contained in the record) and that he understood that he would receive a forty year sentence but would be eligible for parole after serving thirteen years. The defendant testified that he now understands that he will serve a minimum of twenty years although “I may go up for parole in thirteen, if I’m not mistaken.” The defendant did not introduce DOC records indicating his parole date or good time date for release.
The defendant has failed to carry his burden of proving that a plea bargain existed which induced him to plead guilty. The transcript of the defendant’s original plea indicates the trial judge informed him that he could receive a sentence of up to forty years. The defendant’s own testimony indicates that he believed he would receive a forty year sentence but that his attorney told him that he would be eligible for parole after serving thirteen years. The defendant did not produce any evidence that he would serve more than thirteen years, nor did he introduce any evidence, other than his own testimony, that his attorney promised him that he would serve only thirteen years of the forty year sentence.
Also, this present claim is premature. According to the defendant’s testimony, he is not yet eligible for parole and does not allege that he has been denied parole at this time. See State ex rel. Mitchell v. State, 580 So.2d 906 (La.1991). Accordingly, the application for supervisory writs is granted. On the showing made the relief sought is denied.

AFFIRMED.