797 So.2d 38 (2001)
STATE of Louisiana
v.
Kenneth R. TRAHAN.
No. 99-K-3470.
Supreme Court of Louisiana.
October 5, 2001.
*39 Kenneth Trahan, Pro Se.
Margaret S. Sollars, Thibodaux, Counsel for Applicant.
Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Scott D. Peebles, Valentin M. Solino, Counsel for Respondent.
PER CURIAM:[*]
A trial judge may accept a defendant's guilty plea entered as part of a plea bargain regarding sentence but defer final disposition of the case until completion of a presentence report. See United States v. Hyde, 520 U.S. 670, 674, 117 S.Ct. 1630, 1633, 137 L.Ed.2d 935 (1997) ("Guilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time."); see also F.R.Crim.P. 11(e)(2). In the present case, relator argues that he entered into such an agreement reflected by a hand-written note on the guilty plea form he and the trial judge signed on the day relator entered his guilty plea to vehicular homicide in violation of La.R.S. 14:32.1. The note purports to set forth the specific terms of the sentence contemplated as: "PSI (2 years susp., 2 years active probation, 1 year OPP to be served on weekends)."
No party to the proceedings testified at the hearing on relator's motion to withdraw his guilty plea filed shortly after he received an executory sentence of seven years imprisonment at hard labor, and for the majority on the court of appeal panel which affirmed his conviction and sentence, relator had merely an ungrounded hope or expectation he would receive more lenient treatment. State v. Trahan, 98-1442 (La.App.12/1/99), 752 So.2d 921. The majority observed that no direct evidence existed of what occurred between the trial judge and relator when the plea was entered and resolved the ambiguity in the record against relator in part because he "did not testify to [his] belief [that he would receive a probated sentence], nor did his attorneys maintain that he had been assured he would receive probation." Trahan, 98-1442 at 6, 752 So.2d at 925. The dissent found the possibility that "the [hand-written note as to] sentence was added after the trial judge signed the [guilty plea] form" appeared "highly unlikely." Trahan, 98-1442 at 2, 752 So.2d at 928 (Waltzer, J., dissenting). It also found the trial judge's silence at the hearing on relator's motion to withdraw his plea "striking, given the debate that occurred before him .... why did the trial judge simply not tell defendant and his lawyers that they were fabricating [a promise or belief] in an attempt to renege on the plea?" Id.
We agree with both the majority and dissenting views below that the failure *40 of the trial judge, relator, or defense counsel, either to testify at the hearing or at least to state plainly for the record their independent recall of the events surrounding relator's entry of his guilty plea, is both striking and inexplicable. Under these circumstances, we conclude that retrial of relator's motion to withdraw his guilty plea before a different judge, providing relator, his attorney at the time of the plea, and the trial judge the opportunity to testify, appears preferable to speculation about the competing inferences which may be drawn from the present record. We note that while a trial court may reconsider a sentence conditionally accepted as part of a plea bargain on the basis of information revealed by the presentence report or derived from other sources, the court should provide the defendant with an opportunity to withdraw his guilty plea when that plea appears premised upon the accused's reasonable belief that the presentence report will not materially alter his position to his disadvantage. See F.R.Crim.P.11(e)(4) (if the court rejects the plea agreement calling for a specific sentence or a sentence within a specified range it shall "afford the defendant the opportunity to withdraw the plea"); Hyde, 520 U.S. at 676, 117 S.Ct. at 1633 ("This provision implements the commonsense notion that a defendant can no longer be bound by an agreement that the court has refused to sanction."); see also State v. Chalaire, 375 So.2d 107, 108-09 (La.1979) ("The judge may have been justified in refusing to honor the plea bargain [calling for a suspended sentence if the defendant entered a drug rehabilitation program] under the circumstances [in which the defendant failed to report for enrollment in the program].... By not giving the defendant an opportunity to withdraw his guilty plea, however, the judge nullified the necessary affirmative showing that the defendant's guilty pleas were intelligent and voluntary.").
On remand, if the court determines that the trial judge and relator in fact entered into a conditional plea bargain premised on the anticipated results of the pre-sentence investigation, the court should then consider whether the contents of the presentence report provided the sentencing court with an objective basis for concluding that relator had simply gambled that the investigation would not disclose damning information and therefore had no more than a mere hope he would receive the sentence initially contemplated when he entered his guilty plea. If that objective basis existed, relator is not entitled to relief. State v. Deakle, 372 So.2d 1221, 1222 (La.1979) ("It is not unreasonable for the trial judge to refuse to allow defendant the luxury of gambling on what sentence he will be given, then withdrawing his plea if ... the sentence is not to his liking."). However, if the contrary appears and relator had a reasonable basis for believing that the report's contents, if not its final recommendation, would not cast him in such a different light that the trial judge was justified in unilaterally canceling the contemplated sentence and imposing a harsher penalty, the court should allow relator to withdraw his guilty plea.
Accordingly, the judgment of the court of appeal is vacated and this case is remanded to the district court for purposes of reassigning relator's motion to withdraw his guilty plea to a different district court judge for further proceedings consistent with the views expressed herein.
JUDGMENT REVERSED; CASE REMANDED.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as justice pro tempore, participating in the decision.