MICHAEL E. KIRBY, Judge.
On April 17, 2001, Terrie J. Guillot was charged by bill of information with possession of cocaine in violation of La. R.S. 40:967(C). At her arraignment on May 14th she entered a plea of not guilty. A hearing occurred on May 21st, and on May 29th the trial court ruled that probable cause existed to bind the defendant over for trial and denied the motion to suppress the evidence. On May 31st, the day set for trial, the defendant withdrew her earlier plea and entered a plea of guilty as charged. She was sentenced to five years at hard labor on September 6th. The state filed a multiple bill charging the defendant as a second offender, and on October 11th Terrie Guillot pleaded guilty to the bill. The court vacated its earlier sentence and resentenced Guillot to serve five years at hard labor as a second offender under La. R.S. 15:529.1. The defendant’s motion for an appeal was granted.
The facts of the case are not at issue here.
*506 The defendant contends that the trial court erred in sentencing the defendant to five years when the plea agreement set a sentence of thirty months.
At the hearing on May 31, 2001, when Terrie Guillot pleaded guilty to the possession of cocaine charge, the state agreed to no more than double bill the defendant in exchange for the guilty plea. (The defendant could have been charged [?as a quadruple offender). Guillot had initialed all the appropriate lines in the guilty plea form and had completed the sentence “for this crime I could receive a sentence of’ by writing “five years.” The defense attorney had written the following into the agreement:
Plea Bargain—
60 day Presentence Investigation. Double Bill 30 months.
Boot camp program.
At the hearing, the trial court said that boot camp was not appropriate because of the defendant’s criminal history. The court then asked the defendant if she still wished to plead guilty and she answered that she did. The court then went over each sentence in the guilty plea form and asked Guillot if she understood it. When asked if she knew she could receive not more than five years, she answered affirmatively. After going over the plea with defendant, the court asked her if she wanted to say anything and she began to cry; she then explained that “[t]his isn’t my charge.” The defendant’s mother who was present discussed with her the possibility of fighting the charge. The court intervened saying:
I do not want you to think in any way that this Court is forcing you in any way to plead guilty to this charge. If you do not wish to plead guilty, you have the right to go to trial.
The defendant replied that she wanted to plead guilty. The court spoke to her of its willingness to work with her and the importance of her resolution to avoid drugs in the future. A pre-sentence investigation was ordered. The court informed the defendant that someone from the probation office would be speaking with her.
13On September 6, 2001, a Bond Forfeiture Hearing and Sentencing was held. After the May 31st sentencing, the defendant had been out on bond and supposedly taking part in a substance abuse program; however, she did not participate in drug testing, counseling, or visit her probation officer.
On October 11, 2001, at the multiple bill sentencing hearing, the defense attorney first asked the court to look at the plea bargain agreement. The attorney pointed out that the plea states that the sentence is to be thirty months. The attorney acknowledged that the court had allowed the defendant out on bond and that she had gotten into trouble. The court agreed with the defense attorney but stated that
the 30 months was a deal that if she did what she was supposed to do ... she gets the 30 months. But if she goes out — ... if I say to someone at the time they plead guilty, if you go out and do this, that, and the other thing, I’m going to give you 30 months. And I am expected to live up to my end of the deal, provided they live up to their end of the deal.But if they don’t live up to their end of the deal, I’m still responsible for giving them what I consider a lenient sentence?
I don’t think I am. In other words, she’s got to do what she’s supposed to do in order to get the thirty months. She doesn’t.
The attorney pointed out that the conditions the court mentioned were not part of the transcript of the Boykin hearing. The court responded that the defendant was told (when she was released on bond pre *507 sumably) to have drug tests and keep in touch with her probation officer. She did not abide by those requirements and began using drugs again. The court refused to sentence her to the thirty-month term and imposed a five-year sentence. The defense attorney again objected. The court then offered to let the defendant withdraw her guilty plea. However, the defense attorney refused to withdraw the plea explaining that he had discussed the issue Rwith the defendant and her family, and they realized that if she went to trial she would be exposed to a twenty year to life sentence as a fourth offender.
The defendant argues the plea bargain must be fulfilled because it served as an inducement for her guilty plea. Citing State ex rel. Miller v. Whitley, 615 So.2d 1335 (La.1993), she further maintains that the record reflects that the guilty plea was made in reliance upon an agreement with the trial, and, thus, the promise must be fulfilled or the judge defendant must be allowed to withdraw her guilty plea.
The defendant overlooks the fact that the trial court did give her a chance to withdraw her guilty plea. The offer was met by the defense’s refusal because of its recognition that the sentence would likely be much longer if she went to trial and was found guilty.
This case is similar to State v. Hackett, 506 So.2d 598 (La.App. 4 Cir.1987), where the defendant made a plea bargain contingent upon his giving information on a co-defendant to the trial court; in return he would receive a seven-year sentence. It became evident during the trial that the defendant had lied to the court, and the judge declared the plea bargain breached. The defendant received a fifteen-year sentence. On appeal this court found that the trial court was justified in not honoring the plea bargain, but it stated that the defendant must be offered an opportunity to withdraw the guilty plea.
In the instant case, the trial court agreed to the thirty-month sentence and let the defendant out on bond with certain conditions which were not specifically enumerated when the plea bargain was made. When she could not comply with the conditions, the court refused to honor the plea. As in the Hackett case, we find the court had the right to disregard the plea bargain if the defendant was offered an | .^opportunity to withdraw her guilty plea. In this case, the court offered her such an opportunity, and she refused with good reason, realizing that her sentence would likely be far longer if she went to trial.
At the sentencing hearing when the plea bargain occurred, the trial court advised the defendant that the maximum sentence she would receive was five year's; the court ordered a presentencing investigatory report, and warned the defendant that her success in cutting her jail time was up to her. The court stated, “I’d like to try to work with you.I’d ... hold your feet to the fire in a little different regard maybe than it has been done in the past.... I’m willing to take a chance on you.” Although the particular expectations demanded of the defendant while she was out on bond were not part of the record, the dialogue of the court indicates that requirements were made. When she was not able to meet the expectations of the court, she received the longer sentence, but she was given the opportunity to withdraw her guilty plea. The trial court gave her the only option that she had at that time.
There is no merit in this assignment.
Accordingly, the defendant’s conviction and sentence are affirmed.
AFFIRMED.