943 So.2d 1177 (2006)
STATE of Louisiana
v.
Carles JOHNSON.
No. 2006 KA 0467.
Court of Appeal of Louisiana, First Circuit.
September 20, 2006.
Doug Moreau, District Attorney, Kory J. Tauzin, Assistant District Attorney, Baton Rouge, Counsel for Appellee State of Louisiana.
Prentice L. White, Baton Rouge, Counsel for Defendant/Appellant Carles Johnson.
Before: PARRO, GUIDRY, and McCLENDON, JJ.
GUIDRY, J.
Defendant, Carles Johnson, was charged by bill of information with one count of attempted forcible rape, a violation of La. R.S. 14:27 and 42.1. Defendant initially entered a plea of not guilty, but defendant eventually pled guilty to an amended bill of information charging him with one count of simple burglary, a violation of La. R.S. 14:62. The trial court subsequently sentenced defendant to a term of twelve years at hard labor.
Defendant appeals, arguing the trial court erred in denying his motion to withdraw his guilty plea. For the following reasons, we affirm.

FACTS
On July 4, 2003, K.M. reported that a person entered his apartment and bedroom where he was sleeping. K.M. stated that he was held down, and the person touched his chest and genitals with his hands and mouth. K.M. subsequently broke free from this person and locked himself in the bathroom until the person left. When K.M. exited the bathroom, he told his brother what happened. The police were contacted, and K.M.'s brother identified defendant as the person who entered K.M.'s bedroom.
Although defendant disagreed with the factual recitation of the offense, he entered a "best interest" plea of guilty to the charge of simple burglary. During the trial court's examination of defendant, the following exchange occurred:
[THE COURT]:
. . . Explain to me what you believe to be a best interest plea. What does that mean to you?
[DEFENDANT]:
That, if I went to trial, that I would face the bigger possibility of a larger sentence and that, with the agreement *1179 that my attorney and [the prosecutor] reached with the probation and evaluation and stuff, that I don't have a problem with that.
[THE COURT]:
Okay. That's exactly what a best interest plea is. And that's your understanding?
[DEFENDANT]:
Yes, sir.
[THE COURT]:
Let's talk about the agreement that you've reachedthat you believe you've reached in terms of probation. What has there been an agreement? Do you understand what your sentence is to be?
[DEFENDANT]:
I understand I was going to get probation and I was to be evaluated by
[THE COURT]:
Do you understand what probation means?
[DEFENDANT]:
Oh, yes, sir.
* * *
[THE COURT]:
Aside from the best interest plea and your understanding of what the sentence is, has anybody promised you, threatened you, coerced you in any way to enter this plea of guilty?
[DEFENDANT]:
No, sir.
* * *
[THE COURT]:
. . . The court finds that there is a factual basis for accepting the plea. The court finds that the plea is knowingly, intelligently and voluntarily made. The court accepts it and orders it entered into the minutes of this court. [Defendant], the court is going to order a presentence investigation in this case. Both the State and your attorney have both recommended to the court that you be placed on probation. The question in my mind at this particular point in time is: What conditions of probation do I need to place on you?
[DEFENDANT]:
Yes, sir.
[THE COURT]:
Now I have said that. That does not mean if you don'tif you do something that's illegal between the time you come backbetween now and the time you come back, that could all change. Assuming you stay out of trouble, assuming you do the things that you're supposed to do, when you come back in 90 days, this court will put you on probation and will decide what conditions to place you on.
[DEFENDANT]:
Yes, sir.
[THE COURT]:
In an effort to assist this court in deciding what conditions of probation to place on you, I am going to order that you report to Ms. Alicia Pellrgrin [sic] to have an evaluation to determine whether or not sex offender treatment is necessary, and, if so, to what extent. (Emphasis added.)
At the sentencing hearing, the trial court stated that it had reviewed the presentence investigation (PSI) and noted that defendant was not legally eligible for probation. Moreover, considering defendant's record, the trial court felt that he was not a good probation risk. The trial court then imposed the maximum sentence for simple burglary of twelve years at hard labor, with the sentence to run consecutively to any previous sentence the defendant was presently serving.
*1180 Defendant objected to the sentence and attempted to explain to the court that the only reason he entered a "best interest plea" was because he would receive probation as part of the plea agreement. The trial court then stated, "I didn't say that to you. When Iwhen you were in this open courtroom I told you there were no promises whatsoever made, and I was going to order a PSI. Did you not take my word seriously?"
The defendant then indicated that it was his impression that the presentence investigation was to determine the length of probation. The trial court disputed defendant's recollection as being inaccurate. At that point, both the prosecutor and defense counsel confirmed that the State had recommended probation and sex offender treatment as defendant's sentence. Defendant again stated that he would never have pled guilty had that not been the plea agreement.
The trial court reiterated that defendant was not eligible for probation and that it did not have to follow the previous recommendations on sentence. Defendant then asked to withdraw his guilty plea. The trial court instructed defendant to file a motion to withdraw the plea.
The defendant subsequently filed a motion for reconsideration of sentence or, in the alternative to withdraw his plea. The trial court denied defendant's motion. The trial court in denying the motion, noted that defendant had been arrested three separate times since entering his guilty plea in the instant case.

ASSIGNMENT OF ERROR
Defendant argues that the trial court erred in accepting his plea when the record clearly indicates defendant entered the plea as a result of the agreement reached by the parties that he would receive probation if he pled guilty to the amended charge of simple burglary.
A trial court may permit the withdrawal of a guilty plea at any time before sentencing. La.C.Cr.P. art. 559(A). Nevertheless, even when a formal motion to withdraw a guilty plea is not filed, the Louisiana Supreme Court has held that a constitutionally infirm guilty plea may be set aside either by means of an appeal or post-conviction relief. However, a defendant may not withdraw a guilty plea simply because the sentence to be imposed is heavier than anticipated. It is not unreasonable for a trial court to deny a defendant the luxury of gambling on his sentence, then withdrawing his plea if and when he discovers, before imposition, the sentence is not to his liking. Nevertheless, a guilty plea is constitutionally infirm if a defendant is induced to enter the plea by a plea bargain, or what he justifiably believes was a plea bargain, and that bargain is not kept. In such cases, the guilty plea was not given freely and knowingly. State v. West, 97-1638, pp. 2-3 (La.App. 1st Cir.5/15/98), 713 So.2d 693, 695.
In the instant case, the trial court clearly articulated its initial intention to follow the recommendation of the prosecutor and only sentence defendant to probation with the provision that defendant stay out of trouble. In denying defendant's motion to reconsider the sentence, the trial court noted defendant had been arrested three separate times since entering his guilty plea in the instant case. Defendant entered his guilty plea on January 25, 2005. On February 15, 2005, defendant was arrested in Orleans Parish for operating a vehicle with a suspended license and illegal possession of stolen things. On March 11, 2005, defendant was arrested in Jefferson Parish for illegal possession of stolen things; and on March 15, 2005, defendant *1181 was arrested in East Baton Rouge Parish for felony theft.
As the State points out, this case is analogous to the scenario in State v. Wheat, 612 So.2d 176, 178 (La.App. 1st Cir.1992), wherein the defendant pled guilty and was told by the trial court that if he did not get into trouble before his sentencing date, he would likely be sentenced to probation. Between the time of his guilty plea and his sentencing date, defendant was arrested. The trial court subsequently sentenced defendant to a term of five years imprisonment. This court found that defendant's guilty plea was unconditional, but the sentence to be imposed depended upon the outcome of the PSI and defendant's staying out of trouble. State v. Wheat, 612 So.2d at 178.
In the instant case, when defendant entered his guilty plea he was told by the trial court that if he stayed out of trouble, he would be sentenced to probation. Under the circumstances of this case, we cannot say the trial court erred in refusing to allow defendant to withdraw his guilty plea.
This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.